E. Mills and wife v. G. Von Boskirk.

1—In order to establish an abandonment of a homestead by a husband and wife, it was proved that in May, 1865, they left their home in Bell county, stating that they were leaving the country; that they had cotton on the road which they intended to take to Mexico; that they were dissatisfied with the condition of the country, and did not know that they would ever return to Bell county. In October, 1867, the premises were attached, and it was further proved that the parties had never returned to Bell county, but there was no evidence that they had acquired a new homestead elsewhere. *Held*, that the proof was not sufficient to establish an abandonment of the homestead.

Appeal from Bell. Tried below before the Hon. A. J. Evans.

The opinion of the court clearly discloses the character of this case.

At the trial in the District Court, J. T. Flint, witness for the plaintiff, proved that in the latter part of May, 1865, just before the surrender of the armies of the so-called Confederate States, he met defendants, Mills and wife, about seven miles south of Belton, in Bell county, traveling westward in a buggy. Witness entered into a conversation with them, during which they said they were leaving the country; that they had cotton

on the road and intended to take it to Mexico, meaning the Republic of Mexico ; that they did not know that they would ever return to Bell county again.    Witness expressed regret at seeing them leave the country, to which Mrs. Mills replied that she was very much dissatisfied with the condition of the country, and did not much expect to return to it again.    Witness had never seen Mills or his wife back in Bell county since.

Douly, for plaintiff, testified that he saw Mills before the latter left Bell county; that Mills said, just before leaving, that he was dissatisfied with the country, and would leave it. Mills and his wife left in the spring of 1865, and witness had never seen them back since.    Witness also heard Mrs. Mills express dissatisfaction with the condition of the affairs of the country.

Robertson, for plaintiff, testified that he met Mills and wife ten miles south of Belton about the time the witness, Flint, met them; that they expressed to him a dissatisfaction with the condition of the affairs of the country ; and that they spoke of having cotton on the road, and said they were on their way to Brownsville.

Saunders, for Mills and wife, proved that he was in Belton in March, 1865, and saw Mills and wife then ; that they had their household goods in the upper story of their storehouse, and were living and residing in it.    Witness left Belton in March, 1865, but returned after the surrender, and learned that Mills and wife had left for the west somewhere, and they have not been back since.    Witness also stated that before this suit was commenced he heard, by rumor, that Mills and wife were at Corpus Christi, and that Mills was in business there.    This latter testimony, based on rumor, was objected to.

It was admitted that the property claimed by Mills and wife as their homestead, was the same property levied on by plaintiff's attachment.

The foregoing was all the evidence respecting the homestead or its abandonment.

*Bowers, Walker & Cullen*, for the appellants, urged that the evidence was inadequate to establish an abandonment of their homestead by Mills and wife, insisting on the cases of Gouhenant v. Cockrell, 20 Tex., 98; Trawick v. Harris, 8 Tex., 314; Shepherd v. Cassiday, 20 Tex., 29, and Shropshire v. Cox, 25 Tex., 123.

*Hancock & West*, for the appellee.

WALKER, J.—Mills & Bigalow, partners in trade, made their promissory note to one Floyd Clarkson, calling for $186 $\frac{100}{100}$, dated June 8, 1860, due twelve months after date, payable at the banking house of S. M. Swenson, Austin, Texas, with exchange on New York. The note was not paid at maturity, but was indorsed to the plaintiff below, and he brought suit upon it, at the same time suing out an attachment, which he caused to be levied on the east half of lot No. 2, block No. 12, south side of the public square, in the town of Belton. In the progress of the proceedings, Parentha J. Mills, the wife of defendant, Edward Mills, became a party intervenor, she and her husband claiming the property held on attachment as exempt from forced sale under the homestead laws.

At the September term of the District Court for the year 1868, the case was tried by a jury upon several special issues, and upon all which were in any way material, the jury found for the plaintiff. The defendants moved for a new trial, assigning, amongst other grounds for their motion, that the verdict was not supported by the evidence, but was contrary to the evidence.

The court overruled the motion for new trial, and in this we think there was error.

 Amongst the old jurists three things—life, liberty and power—were held sacred by the law, and we are disposed to protect the homesteads of families almost with equal watchfulness. But in this case we resort to no latitudinous construction of the law. The evidence was totally insufficient to prove

that the defendants below, Mills and wife, had abandoned their homestead in Belton, and there was none to show that they had acquired a new one.

Judgment below reversed and reformed.

Reversed and reformed.