## J. C. SANDERS ET AL. V. DUMP SHERAN ET AL.

### (Case No. 2102.)

1. HOMESTEAD—ABANDONMENT—INTENTION.—The qualified intention of one leaving his homestead not to return to it if he can sell it and invest the proceeds in a home that will suit him better, is not an intention which, connected with change of domicil, will operate an abandonment.

2. SAME—EVIDENCE.—The intention to abandon a homestead may be shown by circumstances. If the owner contracts to sell the homestead either before or after removing from it, with the intention of investing the proceeds in other land, which he does not intend to use as a homestead, it would tend strongly to show that his removal was coupled with an intention to abandon the homestead.

3. SAME—LONG ABSENCE.—Absence of the family from the home for a long period of time, is a fact to which due weight should be given upon the question of abandonment, but in the presence of facts tending to show an intention to return should not be given a conclusive effect. (Shepherd v. Cassiday, 20 Tex., 30, approved.)

5. SAME—EVIDENCE.—See opinion for facts held insufficient to show an intention to abandon a homestead.

APPEAL from Hunt. Tried below before the Hon. J. A. B. Putman. The opinion states the facts.

V. W. Grubbs, for appellants, cited: Shepherd v. Cassiday, 20 Tex., 24; Gouhenant v. Cockrell, Id., 96; Austin v. Townes, 10 Tex., 24; Mills v. Von Boskirk, 32 Tex., 360; Taylor v. Boulware, 17 Tex., 74; Thomas v. Williams, 50 Tex., 269.

T. D. Montrose, for appellees, cited: Woolfolk v. Ricketts, 41 Tex., 361; Id., 48 Tex., 36, 37; McMillan v. Warner, 38 Tex., 413; Franklin v. Coffee, 18 Tex., 416; Railway Company v. Winter, 44 Tex., 611; Cline v. Upton, 56 Tex., 322; Slavin v. Wheeler, 61 Tex., 656.

STAYTON, ASSOCIATE JUSTICE.—The appellee, Schiff, claims the land through a sale under a judgment against the appellant, J. C. Sanders, and it is admitted that he thus acquired title, if the land had ceased to be the homestead of Sanders and family. That it was the homestead of himself and family until the year 1878 or 1879, is not questioned. The only facts bearing upon the question of abandonment of the homestead are, in substance, that Sanders was employed as agent for some person carrying on a nursery, and that he removed from the land, either in the year 1878 or 1879, to the town of Sulphur Springs, as he states, for the purpose of being near the center of the country in which he was to operate as agent for the nursery, and for the further purpose of educating his children at the high school at the place to which he removed.

He acquired no other homestead, but lived in rented property until the land was sold under execution, in the month of February, 1884. Prior to removing from the land he contracted to sell it; but this contract was never carried out; and he stated, as a witness, that his purpose in desiring to sell was to invest the proceeds in another homestead, and that his intention had always been to return to the land unless he could sell it, and with the proceeds acquire another home. The land was rented the first year after he left it, but the improvements on it became so much impaired that he had been unable since to rent it.

It appears that he had failed to pay the taxes on the land for some years, and on cross examination he stated: "I am a poor man; have had a great deal of bad luck, and have not been able to keep up my place or to keep the taxes paid promptly. I have voted at all the elections in Hopkins county since I have been there, and sat on juries in the courts, and still live there."

The land is in Hunt county and was used by Sanders as a farm while he lived on it. He denied any recollection of ever having made any declaration of an intention not to return to the land; but two witnesses, unable to state any conversation with him to that effect, stated that from conversations had with him they came to the conclusion that he never intended to return to the land; one of them, however, stated that he had never heard Sanders or his wife make any statement that they did not intend to return.

The conclusions of fact found by the court are, in the main, as above given, except that he found as a conclusion from the facts that Sanders had no intention to return to the land; and, also, found that Sanders sold the land *after* he removed from it, and afterwards cancelled the sale, finding that the purchaser was unable to pay for it.

The court also found that Sanders intended, when he contracted to sell the land, to buy a larger tract, situated in Hunt county, with the proceeds. The two facts last stated are not supported by the statement of facts found in the transcript.

The leading fact tending to show an abandonment is, that the appellant, with his family, removed from the land and remained away from it perhaps five years. The purpose for which the removal was made, if the testimony of the witnesses be true, is not inconsistent with an intention again to use the land as a home. The qualified intention not to return to the land if it could be sold and the proceeds invested in a home that might suit him better, is not the intention which, connected with change of domicile, will operate an abandonment.

The intention to abandon a homestead once acquired, may be shown by circumstances, but the facts shown in this case, we are of the opinion, are not sufficient. The failure to keep the place in repair and to pay the taxes, if no good reason was shown for not so doing, would be facts having but little, if any, bearing on the question of intention. It is not made clear by the evidence whether a contract to sell was ever actually consummated. That such a contract was contemplated, is made clear by the evidence, but the witness stated that it was never consummated; and whether by this is meant that a contract was made, but never complied with, or that the contract to sell was never completed, cannot be ascertained from the statement of facts.

If it should appear that the appellant contracted to sell the land, either before or after he removed from it, with intent to invest the proceeds in another tract of land which he did not intend to use as a homestead, this would tend strongly to show that his removal from the place was coupled with an intention never to return to it again. Absence of the family from the home for a long period of time is a fact to which due weight ought to be given upon the question of abandonment; but in the presence of facts tending to show an intention to return, ought not to be given a conclusive effect.

As said in Shepherd v. Cassiday, (20 Tex., 30), "his necessities or circumstances may frequently require him to leave his homestead for a greater or less period of time. He may leave on visits of business or pleasure, for the education of his children, or to acquire in some more favorable location means to improve his homestead, or for the subsistence of his family, or he may intend to abandon, provided he can sell. But let him leave for what purpose he may, or be his intentions what they may, provided they are not those of total relinquish-

ment or abandonment, his right to the exemption cannot be regarded as forfeited."

The judgment of the court below will be reversed, but in view of the entire record, we deem it proper to remand the case. It is, therefore, ordered that the judgment of the court below be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered November 9, 1886.]