RAND LUMBER COMPANY *et al.*, Appellants, v. C. W. ATKINS, IDA F. ATKINS AND THOMAS C. YOUNG, Appellees.

**Homestead:** ABANDONMENT: *Evidence.* On an issue whether a homestead had been abandoned, it appeared that the owner and his wife removed from the homestead to another city, where the owner voted three times, and that he had previously declared his intention of going there to secure work. The owner showed that he thought he had a right to vote "where his washing was done," that he retained a room in the homestead property and kept some furniture there, that his health required his wife's being near him, that while abroad they rented rooms by the month, that the wife had endeavored to secure the husband employment in the city where the homestead was, and that they intended to return to the homestead, though no time was fixed. *Held*, that the evidence showing an intent to return, the period of absence alone being conditional, there was no abandonment.

*Appeal from Mahaska District Court.*—HON. A. R. DEWEY, Judge.

THURSDAY, APRIL 10, 1902.

CREDITORS' bills to subject certain real estate, title to which is in the defendant, Ida F. Atkins, to the payment of judgments held by plaintiffs against C. W. Atkins. The

trial court dismissed the petition, and plaintiffs appeal.— *Affirmed.*

*Burrell & Devitt* and *W. L. Cooper* for appellee.

*Dan Davis* and *A. C. Steck* for appellees.

Deemer, J.—Plaintiffs' judgments were rendered on contracts made by defendant C. W. Atkins between June, 1896, and December 17, 1897. At that time the property sought to be subjected to the payment of the judgments was the homestead of C. W. Atkins and wife and co-defendant, Ida F. January 10, 1898, Atkins and wife conveyed the property to defendant Young, and on the same day Young reconveyed to Ida F. Atkins. These conveyances were voluntary, and the one to the wife has never been recorded. Plaintiffs' judgments were rendered in the years 1898 and 1899. In the year 1896 Atkins and wife left the property and moved to Burlington, Iowa, where they lived until some time in the year 1899, when they moved to Mt. Pleasant, in this state, where they now reside. Plaintiffs contend that Atkins and wife abandoned their homestead long before the conveyance to Young, and that it thereupon became subject to the payment of the husband's debts. The issue of abandonment is the only one in the case, and to that we will direct our attention.

Plaintiff relies on the actual removal from the property; the fact that Atkins voted three different times in the city of Burlington, once at least "swearing in" his vote; and declarations to the effect that he (Atkins) was going to remove to Burlington, and live there, in order, that he might get contract work from the county, and that he was required to reside there in order that he might secure the work. This, of course, makes out a *prima facie* case of abandonment, and in the absence of other evidence would be controlling. But defendants show that Atkins voted under

some misapprehensions as to the law; that he thought he
had the right to vote "where his washing was done;" and that
he never intended to abandon his homestead in Oskaloosa,
where the property in question is situated. In addition to
this it is shown, without dispute, that the Atkinses retained
a room at all times in the Oskaloosa property; that they left
several articles of furniture there; that Mrs. Atkins went
with her husband to Burlington and Mt. Pleasant, in order
that she might be near him while he was at work at or near
these places; that her husband had been injured about the
head, and that her presence with him was required; that
they rented rooms at Burlington and Mt. Pleasant by the
month; that she always intended to return to Oskaloosa and
resume the occupancy of the former home. Moreover, the
evidence shows that at the time they left Oskaloosa it was
with the express intention of returning, and not with the
thought of permanently abandoning the premises. True,
no time for return was fixed; but it does appear that after
the removal to Burlington the wife attempted to get work
for the husband at Oskaloosa, in order that they might
return. If the intention was to return if they could at some
time in the remote future obtain employment for the hus-
band in Oskaloosa, and this intent was conditional on secur-
ing the work, doubtless the abandonment would be com-
plete under the doctrine announced in *Conway v. Nichols,*
106 Iowa, 359, and other like cases. But if the abandonment
was temporary, and with the specific intent to return at
some future time, the length of the period being dependent
on future conditions, then there was no abandonment. *Robin-*
*son v. Charleton,* 104 Iowa, 296; *Bradshaw v. Hurst,* 57
Iowa, 745; *Repenn v. Davis,* 72 Iowa, 548; *Painter v.*
*Steffen,* 87 Iowa, 171. The distinction lies in this: that
in the one case there is an intention to return, provided
certain conditions exist, while in the other there is fixed
and definite intent to return from the beginning, the period
of absence alone being conditional. The distinction is,

perhaps, a little refined, but it has been recognized in our former holdings, which have strongly leaned, as they should, to the protection of the homestead estate. We agree with the district court in holding that there was no abandonment, and its decree is AFFIRMED.