### HALLIE ALLEN ET AL. v. E. D. CAMPBELL ET AL.

#### Decided December 23, 1908.

**1.—Homestead—Abandonment.**

The homestead was not abandoned by the surviving husband by his lease of the premises for a term of five years and removal to another residence furnished as a part of the rental price, in the absence of other evidence of an intention not to return and occupy it.

**2.—Same—Partition.**

The homestead, though upon land partly community and partly the separate property of the deceased wife, was not subject to partition between her heirs until the husband chose to abandon his homestead rights.

Error from the District Court of Travis County. Tried below before Hon. Chas. A. Wilcox.

*Allen & Hart*, for plaintiffs in error.—A homestead is subject to partition among the heirs of a deceased person, when the survivor in community ceases to use or occupy the same as a homestead. Constitution, art. 16, sec. 52; Ash v. Youngst, 65 Texas, 637; Root v. Robertson, 93 Texas, 372; Ford v. Sims, 93 Texas, 589; Hudgins v. Sansom, 72 Texas, 231; Osborne v. Osborne, 76 Texas, 496; Duncan v. Alexander, 83 Texas, 442; Winn v. Hudson, 66 Texas, 9; Shyrock v. Lattimer, 57 Texas, 674; Pfeifer v. McNatt, 74 Texas, 640.

*Z. T. Fulmore*, for defendants in error.—The homestead shall not be partitioned among the heirs of the deceased during the lifetime of the surviving husband, or so long as the surviving husband may elect to use the same as a homestead. Constitution of Texas, art. 16, sec. 52; Sheppherd v. Cassiday, 20 Texas, 24; Gouhenant v. Cockrell, 20 Texas, 97; Thomas v. Williams, 50 Texas, 274; McMillan v. Warner, 38 Texas, 414; Woolfolk v. Rickets, 41 Texas, 362; Cline v. Upton, 56 Texas, 323; Reece v. Renfro, 68 Texas, 194; Drought Co. v. Stallworth, 45 Texas Civ. App., 159; Cox v. Oliver, 93 Texas, 597; Pressly's heirs v. Robinson, 57 Texas, 458; Gilliam v. Null, 58 Texas, 304; Birdwell v. Burleson, 31 Texas Civ. App., 31; Alexander v. Lovitt, 67 S. W., 927; Simms v. Hixon, 65 S. W., 37.

As to abandonment, see Shepherd v. Cassiday, 20 Texas, 29; McMillan v. Warner, 38 Texas, 414; Harbison v. Tennison, 38 S. W., 232, in which the court held that a ten year lease of the homestead was not proof of abandonment, and Harmer v. Hale, 14 Texas Civ. App., 73, where the court held that a fifteen year lease would not show abandonment. The burden of proof rests upon the party asserting the abandonment (Graves v. Campbell, 74 Texas, 579). And where an abandonment is sought to be shown before another homestead is acquired, the evidence must prove a total abandonment beyond a reasonable doubt. (Gouhenant v. Cockrell, 20 Texas, 98; Cross v. Everts, 28 Texas, 533; Thomas v. Williams, 50 Texas, 274.)

FISHER, CHIEF JUSTICE.—This is a suit brought by plaintiff in error, Hallie Allen, joined by her husband, John M. Allen, to have

a partition of the land described in her petition, alleging that she was a joint owner with defendants in error.

On trial before the court judgment was entered that the plaintiffs in error were joint owners of the land, but denying the plaintiffs in error partition of a portion of the land on the ground that it was not subject to partition on account of its being the homestead of defendant in error, E. D. Campbell.

In addition to the findings of fact of the trial court the following facts were agreed to: That defendant, E. D. Campbell, had lived on the 226 acre tract and the 95 acre tract, all under one enclosure, as a homestead and used by him until about the first day of January, 1906, when he leased all of the same to J. N. Littlepage for a term of five years by written lease, and removed from said property, which was in the river bottom, into a house set on the hill furnished by Littlepage as a part of the rental price of said land; that during the time he occupied said land and at the time the premises were leased, defendant Campbell had living with him two children, one a son aged 22 years and a daughter unmarried under 21 years of age, but who arrived at age on the 21st day of April, 1906.

The findings of fact of the trial court are as follows:

"The main facts in this case are clear and uncontroverted, and I consider it unnecessary to incorporate such facts in these findings. My findings herein are only upon such matters as may not be deemed conclusive from the evidence, to wit: That the property sought to be partitioned in this suit consists of 145 acres of land in the country, near Hornsby's Bend, in Travis County, Texas, and a tract of 71 3-7 acres in Robertson County, Texas. That the 145 acre tract is made up of two tracts of 26 acres each and one tract of 93 acres, one of the 26 acre tracts being community property of the defendant, E. D. Campbell, and his deceased wife. All the balance of the land involved in this suit being the separate property of the deceased wife of E. D. Campbell.

"2d. That the defendant, E. D. Campbell, leased the 145 acres and removed to a rented house, in order to increase the income he was receiving from said land, and that he had not at the time of making said lease and has not at this time formed any intention not to return to and reoccupy said 145 acre tract at the expiration of the lease.

"3d. That said defendant and his two children are being furnished with a house in which to live as a part of the consideration for said lease, and defendant is using the rents of said 145 acres for the support of himself and said two children, and that defendant had not at the time of making said lease, nor has he at this time, any intention of relinquishing any rights he may have in said land as a homestead, or as a means of support for himself and two children; and that he had no intention when he made said lease, nor has he now any intention to forfeit any right he may have to return to and reoccupy said land at the expiration of said lease."

From these facts he reached the following conclusions: "I conclude as a matter of law that the facts in this case do not show or

constitute an abandonment by said defendant of said 145 acre tract as a homestead, and that said land is still the homestead of said E. D. Campbell, and that the same is not at this time subject to partition. That the tract of 71 3-7 acres in Robertson County is subject to partition in the manner set out in the judgment entered in this cause."

We agree with the conclusion reached by the trial court, and on the subject of abandonment we refer to the case of Farmer v. Hale, 14 Texas Civ. App., 73, in which a writ of error was refused. Under the Constitution, so long as the homestead is occupied by the husband and wife, or the survivor, it can not be partitioned; and the case cited, and many others that could be mentioned upon that subject, is to the effect that the homestead right is not lost by a temporary abandonment. The case cited upon its facts in preserving the homestead right, is really weaker than the case before us, and, as before said, the Supreme Court refused a writ of error.

We find no error in the record and the judgment is affirmed.

*Affirmed.*

Writ of error refused.