JOHN B. TURNER,
R. H. LOOFBOURROW,
STILLWELL H. RUSSELL, } JUSTICES.
FINIS E. RIDDLE,

## ELWELL v. PURCELL.

No. 3233.  Opinion Filed April 17, 1914.

(140 Pac. 412.)

1.  **APPEAL AND ERROR—Findings of Fact—Conflicting Evidence.**
    Where there are controverted issues of fact and conflicting testimony as to their existence, the findings of the jury in reference thereto under instructions not complained of should be binding on this court.

2.  **WITNESSES—Right to Refresh Memory—Reference to Memoranda.**  Upon an issue as to the number of acres in a tract of land, a witness who stepped the land and made memoranda of its dimensions in steps at the time will be allowed to refresh his memory as to the number of steps by reference to such memoranda.

(Syllabus by Harrison, C.)

*Error from County Court, Pawnee County;*
*Fred S. Liscom, Judge.*

Action on a contract by W. M. Purcell against J. C. Elwell. Judgment for plaintiff, and defendant brings error. Affirmed.

*Blake & Hazlett,* for plaintiff in error.

*Goodwin & Hayes,* for defendant in error.

Opinion by HARRISON, C. This was an action by W. M. Purcell against J. C. Elwell for $60, an alleged balance due on a rent contract. The action was originally brought in the justice court, and judgment rendered in favor of Purcell. Elwell appealed to the county court, where judgment was again rendered in favor of Purcell, and, from such judgment, the defendant, Elwell, appealed.

Only two assignments of error are urged in the brief, to wit: That there was an improper joinder of parties; and error in permitting the plaintiff, Purcell, to refer to certain memoranda in order to refresh his memory as to certain facts. The first contention is based on the allegation in the answer and the assumption of counsel that the defendant below was a tenant in common with others, and that under the law cotenants should be sued jointly. The contention of plaintiff in error as to the law on this subject is correct, and the authorities cited in support of such contention announce the correct doctrine; but that issue is not before this court.

The plaintiff below brought his action for $60, alleged to be a balance due on a rent contract wherein the plaintiff had leased or rented to defendant the sum of 25 acres to be farmed at a cash rental value of $3 per acre, $15 of which had been paid by defendant to plaintiff on such contract; the balance, $60, remaining due and unpaid. And while the issue as to liability of cotenants was raised in the answer, yet the theory upon which plaintiff below based his cause of action was that plaintiff, being in control of the land in question, and having authority to rent same, did rent 25 acres to the defendant at an agreed cash price of $3 per acre, and that defendant owed a balance of $60 to plaintiff on such contract. The issues whether the defendant owed plaintiff said balance on a contract with plaintiff, or whether there were

other cotenants who were liable for a portion of the balance due, were submitted to the jury under instructions from the court, of which no complaint is made here, and the findings of the jury and the judgment of the court thereon upon the controverted issues of fact should be binding on this court.

As to the other contention, we find no material error in the record in the fact that the court permitted plaintiff to refresh his memory by reference to certain memoranda. There was an issue of fact as to the amount of land, as to the number of acres involved, the plaintiff claiming the amount to be 25 acres, the defendant claiming it to be only seventeen; and the plaintiff was permitted to refer to memoranda, which he had made at the time the land was stepped off by himself in company with defendant, in order to refresh his memory as to the dimensions of the land in steps, the memoranda disclosing that certain lots of the land in question were so many steps by so many steps.

The doctrine of allowing a witness to refer to written memoranda in order to refresh his memory as to facts is well settled in McKelvey on Evidence, pp. 391, 396, and the texts therein announced are amply supported by the decisions cited. The same doctrine is announced in 17 Cyc. 399, and Underhill on Evidence, 477. In fact, we know of no work on evidence which purports to deny a party that privilege under proper conditions, and we think under the record presented that the plaintiff below brought himself sufficiently within the rule for allowing a witness to refresh his memory by reference to memoranda of this character, and that, upon the record before us, the judgment should be affirmed.

By the Court: It is so ordered.