McCAMMON v. JENKINS *et al.*

No. 3858. Opinion Filed January 19, 1915.

(145 Pac. 1163.)

1.    HOMESTEAD—"Abandonment." A homestead cannot be abandoned without a going away from it with the definite intention never to return.

2.  **SAME—Intent Not to Return.** An intent never to return if and upon the condition that the occupants going away can realize their desires and expectations elsewhere, and thereupon sell their homestead, is not sufficient to constitute an abandonment of such homestead.

3.  **SAME—Intent.** Abandonment of a homestead is a question of fact in which the intent of the parties in leaving it is controlling.

4.  **SAME—Proof.** Abandonment of a homestead must be established by the most clear, conclusive, and undeniable evidence.

5.  **APPEAL AND ERROR—Review—Conflicting Evidence.** This court will not review an alleged error involving the weighing of evidence against conflicting evidence, except that it may do so upon questions in equity.

6.  **HOMESTEAD—Mortgage—Joinder of Spouse.** Section 2, art. 12 (Williams' Ann. Ed., sec. 303), of our Constitution prohibits and renders void a mortgage given by one spouse upon a homestead in which the other spouse did not join.

(Syllabus by Thacker, C.)

*Error from District Court, Logan County;*

*A. H. Huston, Judge.*

Action by Sarah M. McCammon against Della W. and William M. Jenkins on promissory notes and for foreclosure of mortgage. Judgment for plaintiff on notes and for defendants denying foreclosure, from which plaintiff brings error. Affirmed.

Plaintiff in error brought this action in August, 1911, against the defendant Della W. Jenkins, as maker, and the defendant Wm. M. Jenkins, the husband of the maker, as a claimant of an interest in the mortgaged property, upon two promissory notes and a mortgage dated June 7, 1910. The notes are for the principal sum of $2,000 each, with provision for interest and attorney fees, and the mortgage purports to be upon the south half of lot 6 and all of lots 7 and 8, in block 34, of east Guthrie. This property only contained about 8,750 square feet, and was never worth to exceed $5,000. The defendants by separate answers alleged that this property was their homestead, and, in effect, that the mortgage was void. Plaintiff's reply alleges

abandonment of the said homestead. The case was tried on December 23, 1911, to the court, without a jury, and judgment on the notes was entered against the defendant Della W. Jenkins; but the court found that the said property had not been abandoned as a home, but was the homestead of the defendants when the mortgage was given, and entered judgment canceling the mortgage as void for want of signing and execution by Wm. M. Jenkins. The facts immediately pertinent to the question of whether this property was the homestead of the defendants or had been abandoned as such at the time of the giving of the mortgage will now be as fully stated as seems necessary to a correct decision thereon, assuming that the trial court accepted as true all the evidence, including every reasonable inference allowable which tends to support the judgment. In 1898 defendants purchased this property for their home; the defendant Wm. M. Jenkins paying for it, but the title being taken by the defendant Della W. Jenkins. They thereupon immediately established their residence upon it, so that it then became their homestead. They at that time had six minor children; but at the time of the execution of said mortgage only one remained a minor. There is no question about their having continually resided on this property as their home until in the spring of 1908, since which time the defendants have spent much time in Sapulpa, Creek county, Okla., under circumstances giving some color to plaintiff's claim of abandonment. In the spring of 1908, defendants' son Will had secured a position in the public schools at Sapulpa, and about that time acquired a home there. Since then defendants have spent much of their time with him in his home. They testify to the fact that Wm. M. Jenkins went to Sapulpa as a prospector in search of a permanent location in business as a lawyer, and made temporary arrangements with a firm of lawyers there for office room in anticipation that he might decide to permanently locate and might form a partnership with them; that Wm. M. Jenkins never made any permanent business arrangements there, nor rented an office; that they never intended to abandon this Guth-

rie property as their home, unless Wm. M. Jenkins should permanently locate, as he never did, in Sapulpa, although Della W. Jenkins alone desired to sell the same in anticipation of such location, but only intended to abandon this homestead in the event of such sale thereof; that they always considered this Guthrie property as their home, and intended to return to it during all the time they were away in Sapulpa, unless they should decide to and, in fact, permanently locate, as they never did, at the latter place; that since the spring of 1908 they have divided their time between their home on said Guthrie property and their temporary abode with their son in Sapulpa, Della W. Jenkins testifying that she spent most of such time at the former place; that they did not move all their furniture from their Guthrie home, although they rented the place to a tenant during a portion of such time; and that they never acquired a home in Sapulpa or elsewhere, although Della W. Jenkins, without the knowledge or consent of Wm. M. Jenkins, purchased and in her own name took title to certain residential property there (in the same transaction in which she gave said mortgage) for another party, to whom she immediately transferred same, to which she has since taken a conveyance of title from her said transferee and now holds same, but they never established a residence on this Sapulpa property. The fact of the execution of the mortgage was concealed from Wm. M. Jenkins because the plaintiff and Della W. Jenkins knew he would object to that transaction if he knew of it, and he did not learn of it until in the spring of 1911. As against their denial of abandonment of their Guthrie homestead, the defendant Wm. M. Jenkins admits that in 1909 he made application for a commission as notary public, in which he stated he had lived one year in Creek county, which commission was issued to him; that in the spring of 1910 he made application to have his name placed on the ticket for nomination by the Republican party in August of that year as its candidate for the office of judge of the superior court of that county, in which application he represented himself to be a resident citizen of said county and qualified under

the law for that office; that he was nominated for that office by that party, and was its candidate in the election in November, 1910; and that he registered as a voter and voted in said Creek county during his stay there.

*McDougal & Lytle* and *Arthur R. Swank,* for plaintiff in error.

*Dale & Bierer,* for defendants in error.

Opinion by THACKER, C. (after stating the facts as above). The facts are as above stated.

When a homestead character once attaches to property, it will continue to be the homestead until abandoned by a going away therefrom with the definite intention never to return. 21 Cyc. 579; *Sykes v. Speer* (Tex. Civ. App.) 112 S. W. 426; *In re Presnall* (D. C.) 167 Fed. 406.

And an intent never to return if the occupants going away from it can realize their desires and expectations elsewhere, and thereupon sell their homestead, being conditional, is not sufficient.

Abandonment is a question of fact in which the intent of the parties in leaving the homestead is controlling. *Sykes v. Speer, supra; In re Presnall, supra.*

Abandonment must be established by the most clear, conclusive, and undeniable evidence. *Shepherd v. Cassidy,* 20 Tex. 29, 70 Am. Dec. 372; *Gouhenant v. Cockrell,* 20 Tex. 96; *Cross v. Everts,* 28 Tex. 523; *Mills v. Von Boskirk,* 32 Tex. 360.

The case of *Ross v. Hellyer* (C. C.) 26 Fed. 413, relied on by plaintiff for a reversal of this case, presents a very strong argument to the effect that, as a matter of fact, the trial court might and should have found that the defendants had abandoned their homestead at the time of the execution of the mortgage. But, notwithstanding the strong evidence of abandonment, the trial court did not find such to be the fact; and there is some evidence reasonably tending to negative the evidence of abandonment and support the finding made.

The following cases show that the evidence was sufficient in the present case to support the finding and judgment of the trial court: *Rand Lumber Co. et al. v. Atkins et al.,* 116 Iowa, 242, 89 N. W. 1104; *Minnesota Stoneware Co. v. McCrossen et al.,* 110 Wis. 316, 85 N. W. 1019, 84 Am. St. Rep. 927; *Farmer v. Hale,* 14 Tex. Civ. App. 73, 37 S. W. 164; *Allen v. Campbell,* 53 Tex. Civ. App. 76, 115 S. W. 360; *In re Presnall* (D. C.) 168 Fed. 406; *Sanders et ux v. Sheran,* 66 Tex. 655, 2 S. W. 804; 21 Cyc. 597.

This court will not review an alleged error involving a weighing of evidence against conflicting evidence, except that it may do so upon questions in equity. *Board of County Commissioners of Woodward Co. v. Thyfault.,* 41 Okla. 82, 141 Pac. 409; *Alfred v. St. L., I. M. & S. Ry. Co.,* 42 Okla. 4, 140 Pac. 415; *Elwell v. Purcell,* 42 Okla. 1, 140 Pac. 412.

Section 2, art. 12 (Williams' Ann. Ed., sec. 303), of our Constitution provides:

"* * * Nor shall the owner, if married, sell the homestead without the consent of his or her spouse, given in such manner as may be prescribed by law: Provided, Nothing in this article shall prohibit any person from mortgaging his homestead, the spouse, if any, joining therein; nor prevent the sale thereof on foreclosure to satisfy any such mortgage."

This provision clearly prohibits and renders void the mortgage in this case. *Whalen v. Allen et al., post,* 145 Pac. 1158. Also see *Alton Mercantile Co. v. Spindel,* 42 Okla. 210, 140 Pac. 1168.

For the reasons stated, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.