**FIRST NAT. BANK OF CLEVELAND v. COATES.**

No. 5826—Opinion Filed Dec. 19, 1916

Rehearing Denied Jan. 9, 1917.

(161 Pac. 1095.)

**1  Homestead—Person Entitled to Exemption—"Nonresident."**

Nonresident, as employed in the statute of this state (Rev. Laws 1910, sec. 3344), as to who may claim exemptions, must be construed to be one who has ceased to be domiciled in the state or who never resided in the state, or who, having been domiciled in the state, thereafter acquired a permanent residence in another state.

**2.  Same—Abandonment—Intent to Return.**

One who has a homestead in this state does not forfeit his right to claim such homestead as exempt from levy and sale for payment of unsecured debts, by his temporary absence from the state with intention of returning to the state and his homestead.

**3.  Fraudulent Conveyances—Conveyance of Homestead.**

One who has acquired a homestead in this state can, while temporarily absent from the state, convey—being joined in such conveyance by his wife—his homestead to his daughter without a valuable consideration being paid therefor, and such conveyance will vest in the daughter, as a gift, the interest in such homestead, free from the claims of his general creditors, and such conveyance cannot be successfully attacked as being in fraud of creditors.

**4.  Attachment—Discharge—Grounds — Ownership of Property.**

That the property attached is not the property of the defendant in attachment is not a ground for the discharge of the attachment on defendant's motion.

**5.  Same—Intervention by Owner.**

Where property is attached in which defendant in attachment has no interest. the proper procedure to have such attachment discharged is for the owner of the property to intervene in said attachment proceeding. as provided by section 4701, Rev. Laws 1910.

(Syllabus by Collier, C.)

Error from District Court, Pawnee County; L. M. Poe, Judge.

Action by the First National Bank of Cleveland against J. B. Coates. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Goodwin & Smith and S. A. Horton, for plaintiff in error.

McNeill & McNeill, for defendant in error.

Opinion by COLLIER, C. This action was commenced by the plaintiff in error, hereinafter styled the plaintiff, against the defendant in error, hereinafter styled the defendant, to recover upon certain promissory notes. An order of attachment was issued in said cause. and levied on February 24, 1913, upon certain lands in Pawnee county as the property of the defendant. Proceedings were taken by the plaintiff to procure service on the defendant by publication, and thereafter the defendant appeared and moved to dissolve the attachment. This motion was heard by the court upon affidavits and oral testimony. The court ordered a dissolution of the at-

tachment, co which plaintiff excepted and appeals to this court to reverse such order. It is in evidence that for some years defendant and his family had been residing upon the lands attached and occupying them as their homestead; that some time prior to the commencement of this action the defendant sold at public auction a part of his personal property and shipped the rest of his chattels, except some household goods which were left upon the lands attached, to Iowa, the defendant accompanying them; that later he went from Iowa, with such chattels, to Ft. Saskatchewan, Canada, and there rented a farm; the wife of defendant remained upon the lands attached some time after her husband left, and then rented such lands for a year, and with the family joined the defendant in Canada. Both the defendant and his wife testified that the going to Canada and the renting of the lands attached was only temporarily, and that they never intended to permanently remove from their homestead, but intended to return thereto, and that the occasion for the defendant leaving the homestead and going to Canada was the fact that crop conditions in Pawnee county had been very poor; that the defendant was heavily indebted, and that he hoped to sell his stock to better advantage in Canada than he could in Oklahoma, and hoped to be able to earn more money during his absence than he could in Oklahoma. This testimony was rebutted by plaintiff by evidence of statements made by the defendant showing an intention to permanently leave Oklahoma, and to permanently establish himself in Canada.

On February 8, 1913, before the levying of the attachment in this cause, the defendant, joined by his wife, conveyed the lands in controversy to Clarrie Maxine Coates, who was the youngest child of the defendant, and at the time of such conveyance was four years old; that such deed was not filed for record until after the commencement of this action and the levying of said attachment. Some months afterwards an attempt was made by the defendant to have Clarrie Maxine reconvey this land to him, the evidence disclosing that, upon the advice of a barrister in Canada, Clarrie Maxine's name was signed to a deed by an older sister. This deed is so palpably a nullity that it is not considered by counsel for plaintiff, nor need we consider it.

The first important question presented by the record and the briefs of plaintiff and defendant in this case is whether or not the defendant in going to Canada with his family and renting a farm became a nonresident within the meaning of our homestead exemp-

tion laws. It was admitted by plaintiff that defendant did not abandon his homestead by going to Canada, if when going to Canada he did so with the intention of subsequently returning and occupying his homestead; but it is contended that "he thereby became a nonresident," and is precluded from asserting his homestead exemption by virtue of the terms of section 3344, Revised Laws of Oklahoma 1910.

The evidence being in conflict as to whether or not the defendant when he went to Canada intended to permanently remove from this state and his homestead, and there being evidence tending to reasonably support the finding of the court that he did not remove with the intention of permanently removing from the state and abandoning his homestead, which finding is necessarily included in the findings of the court that the attached property was exempt, had the title to the land been in the defendant at the time of the levying of the attachment, the finding of the court that the said property was exempt and discharging the attachment thereon would have been free from error, under the well-established holdings of this court that it will not disturb a finding when reasonably supported by the evidence notwithstanding the evidence was in conflict.

In construing the law of exemption, it is held that:

"One who has a domicile in this state cannot be a nonresident while temporarily absent from the state." Chariton County v. Moberly, 59 Mo. 238.

"The exemption laws should be liberally construed." Hoyt v. Pullman, 51 Okla. 717, 152 Pac. 386, L. R. A. 1916B, 1288.

"A homestead cannot be abandoned without a going away from it with the definite intention never to return." McCammon v. Jenkins et al, 44 Okla. 612, 145 Pac. 1163.

"Abandonment of a homestead must be established by the most clear, conclusive, and undeniable evidence." McCammon v. Jenkins et al., supra.

See Shepherd v. Cassiday, 20 Tex. 29, 70 Am. Dec. 372; Gouhenant v. Cockrell, 20 Tex. 96; Cross v. Everts, 28 Tex. 523; Mills v. Von Boskirk, 32 Tex, 360.

Applying to the evidence in this case the rules of law hereinbefore cited, we are of the opinion that the defendant did not lose his right to claim his homestead exemption by his temporary removal to Canada with intention of returning to Oklahoma. So long as he remained domiciled in the state, the defendant did not lose his right to claim his exemption by reason of his temporary re-

moval to and sojourn in Canada with intention of returning to Oklahoma and his homestead. Rand Lbr. Co. v. Atkins et al., 116 Iowa, 242, 89 N. W. 1104; Minnesota Stoneware Co. v. McCrossen et al., 110 Wis. 316, 85 N. W. 1019, 84 Am. St. Rep. 927; Farmer v. Hale, 14 Tex. Civ. App. 73, 37 S. W. 164; Allen v. Campbell, 53 Tex. Civ. App. 76, 115 S. W. 360; In re Presnall (D. C.) 167 Fed. 406; Sanders et ux. v. Sheran, 66 Tex. 655, 2 S. W. 804; 21 Cyc. 597.

In construing the homestead laws of the state, a nonresident of the state must be defined to be one who ceases to be domiciled in the state, or who never was a resident of the state, or who having been domiciled in the state, thereafter has acquired a permanent residence in another state.

The property attached having been impressed as the homestead of the defendant, it remained the homestead of defendant during his temporary sojourn in Canada, and until he and his wife conveyed it to his daughter; and, by having his wife join in the conveyance as shown by the evidence, he was free to dispose of his homestead in this state, while temporarily in Canada, as he wished, and his creditors cannot complain of his action in conveying the homestead to his daughter, whatever the consideration for such conveyance, or whatever his motives may have been in conveying the same. Carter v. Pickett, 39 Okla. 144, 134 Pac. 440; McCammon v. Jenkins, 44 Okla. 612, 145 Pac. 1163; Kershaw v. Willey, 22 Okla. 677, 98 Pac. 908; J. I. Case T. M. Co. v. Walton Trust Co., 39 Okla. 748, 136 Pac. 769; Scott-Baldwin Co. v. McAdams, 43 Okla. 161, 141 Pac. 770.

The conveyance of the homestead, though executed without a valuable consideration, and though induced by an improper motive, was a legal gift by the defendant to his four year old daughter, and divested all the right and interest that the said defendant had in his homestead, and consequently, at the time of the levy of the attachment, he had no homestead or other interest in the property attached; the attempted reconveyance of his four year old daughter, acting through her minor sister, to the defendant, being absolutely void. The court committed reversible error in dissolving the attachment on the ground that the property attached was exempt. That at the time of the trial the defendant had no interest whatever, either as a homestead or otherwise, in the property attached, did not authorize the discharge of the attachment.

If the property attached belongs to another, the proper procedure to discharge the property from the attachment would be by the intervention of the owner of said property— in this case, by the intervention of the four year old child to whom the property had been conveyed. Section 4701, Revised Laws of Oklahoma 1910.

"Any person claiming property attached may interplead in the cause, and issues made by such interpleader shall be tried as like issues between plaintiff and defendant." Miller et al. v. Campbell Com. Co., 13 Okla. 75, 74 Pac. 507.

This case is reversed and remanded.

By the Court: It is so ordered.