EASON et ux. v. EASON et al.　(No. 2139.)

(Court of Civil Appeals of Texas. Texarkana. May 30, 1919. Rehearing Denied June 5, 1919.)

PARTITION ☞12(3) — PROPERTY SUBJECT — HOMESTEAD.

Where in partition suit the evidence establishes that the actual uses made of land claimed as a homestead were contrary to an abandonment or intention to abandon and residence on other tract of land was consistent with right to claim homestead of tract in suit, the land was not subject to partition under direct provisions of Rev. St. art. 3424.

Appeal from District Court, Fannin County; Ben H. Denton, Judge.

Partition suit by J. A. Eason and others against J. T. Eason and wife. From a judgment allowing partition, defendants appeal. Reversed, and cause remanded.

J. W. Gross, of Bonham, for appellants. R. T. Lipscomb, of Bonham, for appellees.

LEVY, J. The suit is for partition of four tracts of land contiguous to each other and aggregating 214.32 acres. The land is the community property of J. T. Eason and his wife, S. M. Eason. S. M. Eason died April 5, 1913, intestate, in Fannin county, Tex., leaving her husband and their ten children surviving her. The children bring this suit against the father for partition of the land.

The defendant pleaded that the land was the homestead of himself and wife and family, and not subject to partition under the law. The plaintiffs by supplemental petition pleaded abandonment of the homestead on the part of the father. The case was tried before the judge without a jury, and the finding made "that the defendant J. T. Eason abandoned the land described in the plaintiffs' petition, and that he has no homestead rights therein, and that since the death of S. M. Eason he has secured a new homestead." This finding of fact of the trial court is assailed as being contrary to the evidence.

It appears from the evidence, we think, that the actual uses made of the land in suit by the father would be contrary to an abandonment or intention of abandonment of the same by him as a homestead. And his residing upon the 110-acre tract in evidence is, it is concluded, consistent with, and not contrary to, the continuing of the homestead right in the tracts in suit. The actual facts and the uses of the property on the part of the father make it, as a matter of law, his homestead. Speer on Marital Rights (Ed. 1916) § 395. A homestead is not subject to partition. Article 3424, Rev. Civ. Stat.

It is concluded that the premises in suit, except the surplus acreage above 200 acres, was exempted from partition as a homestead, and that the judgment of partition was error.

The judgment is therefore reversed, and the cause remanded.