### ROW v. MORRIS et al.

No. 25396. Oct. 8, 1935.

Cox & Cox, for plaintiff in error.
Erwin & Erwin, for defendants in error.

PER CURIAM. The present litigation grows out of a series of suits between the parties. As the parties occupied different and opposite positions in various courts, they will be referred to herein by name. Morris filed the original action in the district court against Row, Cleota Hagar, and others, being cause No. 11028, which was a suit to set aside a conveyance of certain lands made by Row to his daughter, Cleota Hagar, and as an ancillary proceeding, to garnish the funds derived from the sale of an oil and gas lease on this land, after such conveyance. In the garnishment therein the plaintiff in error here, Row, and his daughter both claimed that the land conveyed and the money in the bank, impounded by the garnishment, belonged to Cleota Hagar. A motion was filed in said case by the defendants therein, including Row, asserting Row had no interest in the money under control of garnishee, but that said garnished money belonged to Cleota Hagar. When this motion was sustained and the garnishment dissolved in said original district court case, Row, defendant therein, filed a suit in the justice court for damages by reason of said wrongful garnishment. After a change of venue from one justice court, the case was tried in another justice court where Row recovered a judgment for $40 attorneys' fees, $10 damages, and $37.50 costs. Morris appealed the cause to the district court, being the instant case, No. 11331. In this case in the district court the trial court sustained a demurrer to the petition and amendment thereto of Row. Row, as the plaintiff in error, perfected appeal by transcript to this court. The sole question for our determination is, Does the petition and amendment thereto of Row state a cause of action as against Morris?

The petition appears in the transcript (R. pp. 2-4) and the amendment thereto in record (R. pp. 26-27). In substance the allegations of the petition and amendment, which we are called upon to judge, are as follows: That Morris filed the original action against Row in the district court to set aside said conveyance, and issued garnishment process to the Union National Bank, as garnishee; that the garnishee answered, and that in said case Cleota Hagar filed motion to dissolve said garnishment as to her, which was sustained; that subsequently said garnishment was upon motion dissolved as to all defendants; that said garnishment was wrongful and without basis or fact and resulted in damage to plaintiff, Row; that said garnishment was willful and malicious, and prayed for $70 actual damages and $50 punitive damages. Exhibited to said petition in this cause were copies of the petition, motions and orders in the original district court case. The answer of garnishee appears in the transcript (R. p. 9) as exhibit "D" to the petition in this cause and is as follows, omitting formal parts:

"Answer to Garnishment.

"The Union National Bank of Chandler, Oklahoma, garnishee in the above entitled action, being duly sworn, says:

"First. That at the time of the service of the garnishee summons herein the said bank had no property in its possession belonging to the defendants or either of them:

"Second. That at this date, December 11, 1931, the said bank has in its possession the sum of $296.50 to the credit of Cleota Hagar, and understands that said money is the property of Cleota Hagar. That said bank has no other money or property in its possession or under its control belonging to Cleota Hagar, and has no cash or other property in its possession or under its control belonging to Jim Row or Guy Hagar.

"Third. That affiant, the garnishee herein, claims a set-off or defense to such indebtedness, or liability as follows: None.

"Fourth. Affiant, the garnishee herein, further says that said plaintiff has no legal rights to apply the indebtedness or property herein disclosed upon his demand against said defendant for the reason: Does not say. Do not know.

"Fifth. Affiant further says that he has certain indebtedness or property under his control, claimed by said defendant and also claimed by: None."

The first motion to dismiss such garnishment (R. p. 10) is as follows:

"Motion to Dismiss Garnishment.

"Comes now the defendants above by their attorneys, Cox & Cox, and move the court to dismiss the garnishment hereinbefore had as to all of the defendants herein, and for their reasons state:

"(1) Said garnishment was not had and obtained according to law.

"(2) That said garnishment is not consistent with the petition and prayer of said plaintiff and under the original and amended petition of said plaintiff and he is not entitled in law and equity to maintain the garnishment proceeding.

"Cox & Cox,
"Attorneys for Defendants."

And the order of the court in the original action dismissing said garnishment as to Cleota Hagar is as follows (R. p. 11):

"Journal Entry.

"Now, on this 21st day of December, 1932, comes on for hearing the motion of defendants to discharge the garnishment herein had and obtained, the plaintiff appearing in person by his attorneys, Erwin & Erwin, and the defendants appearing in person and by their attorneys, Cox & Cox.

"Movants introduce their evidence and rest, and the plaintiff, John Morris, introduces his evidence and rests, and the court being so informed in the premises finds that said garnishment should be discharged as to Cleota Hagar.

"It is therefore, ordered and decreed by the court that said garnishment herein had, be and the same is hereby discharged as to the defendant, Cleota Hagar.

"Hal Johnson,
"District Judge."

Thereafter the second motion to dissolve garnishment (R. p. 12) was filed, as follows:

"Motion to Dismiss.

"Comes now the defendants herein by their attorneys, Cox & Cox, and moves the court to dismiss the garnishment herein had and obtained, and for their reasons state:

"(1) That the petition of the plaintiff shows on its face that there is no basis for the issuance of an order of garnishment.

"(2) That the affidavit for garnishment filed herein is insufficient to give the court clerk jurisdiction to issue an order of attachment.

"(3) That the said order of attachment is void and of no effect for the reason that all facts stated in the said petition and in said affidavit are insufficient to authorize the order of attachment herein issued.

"(4) That said attachment was wrongfully obtained.

"(5) That the response of the garnishee herein shows that the defendant, Jim Row, has no money or credit or property with the said garnishee or under its control.

"(6) That the response of the said garnishee shows that all property or credits in the hands of said garnishee and under its control belong to the defendant, Cleota Hagar.

"(7) That the response of said garnishee shows that there was no money or credits or other property in its possession or under its control at the time said garnishment order was issued and served.

"Cox & Cox
"Attorneys for Defendants."

And the order dissolving said garnishment as to all defendants reads (R. p. 13):

"Court Order.

"Now, on this 11th day of April, 1932, comes on for hearing the motion of the defendants above to discharge the garnishment herein had as to all of the defendants and each of them. Plaintiff being present by his attorneys, Erwin & Erwin, and the defendants being present by their attorneys, Cox & Cox, and the court being fully advised in the premises finds that said motion should be sustained and the garnishment herein be discharged.

"It is therefore, ordered, adjudged and decreed by the court that the garnishment herein before had, obtained, issued and served on the Union National Bank of Chandler, Lincoln county, be, and the same is, hereby discharged, vacated and held for naught, and said garnishee is hereby discharged of all liability in connection with said garnishment.

"Hal Johnson."

Thus, it plainly appears that the money involved in the garnishment proceeding was not the money of the plaintiff in error, Row. In fact, he disclaims any such interest in said motions, the garnishee's answer denies the same and shows the source of such moneys, and Row claims to have conveyed the lands to Cleota Hagar, prior to the receipt of the lease money. Under this record the trial court committed no error in sustaining the demurrer to Row's petition herein, for two reasons: First, since Row, plaintiff, had no interest in the property garnished, he cannot maintain any action for its wrongful garnishment; and, second, by the amendment to the petition Row realleges that the garnishment proceeding was willful and malicious, and neither the justice court originally, nor the district court on appeal, had jurisdiction to hear and determine such a cause of action.

As to the question of the right of a stranger to attached or garnished funds or property to bring an action for the wrongful attachment or garnishment, the general rules are found in 6 Corpus Juris, as to attachments, and 28 Corpus Juris, as to garnishments as follows:

"If an attachment levied on the property of a defendant in attachment proves to have been wrongful, he is entitled to recover for the resulting damages; but he has no right of action where the attachment, although wrongful, was levied on property of all interest in which he has divested himself before the levy, and a fortiori the attachment defendants can have no right of action for the seizure of property of a stranger to which he never had any title." 6 C. J. 501.

"A motion for discharge of the garnishee or for quashal or discharge of the garnishment may be, and frequently is, made by defendant. Defendant has a sufficient interest to entitle him to make the motion, even though he has made a general assignment for creditors, or has mortgaged the property subsequently garnished. However, defendant is not entitled to move to dismiss the garnishment where he claims neither title nor possession of the property garnished and the motion is based on the ground that the property does not belong to him but to a claimant." 28 C. J. 354.

This court has recognized the principles laid down above. In First Nat. Bank of Cleveland v. Coates, 62 Okla. 142, 161 P. 1095, this court said:

"That the property attached is not the property of the defendant in attachment is not a ground for the discharge of the attachment on defendant's motion.

"Where property is attached in which defendant in attachment has no interest, the proper procedure to have such attachment discharged is for the owner of the property to intervene in said attachment proceeding, as provided by section 4701, Rev. Laws 1910."

The following cases recognize the rule that one must have a direct and pecuniary interest in the subject-matter of a particular case before such a party will be held to have an interest in the case authorizing an appeal from an order or decree. Muskogee County v. Muskogee Gas & Electric Co., 83 Okla. 167, 201 P. 358; In re Gray's Estate, 131 Okla. 189, 268 P. 194. See, also, Terry v. Parnell, 29 Okla. 846, 119 P. 629, where this language is used:

"Where the fund in the hand of the garnishee is claimed by a third party, the burden of establishing his superior right thereto is upon such claimant."

From these decisions it is apparent there was no reason for Row to go to the expense or trouble in contesting the garnishment proceedings when he had no interest in the property impounded, and that, therefore, he could not be damaged by what happened to another's property. Paragraph 2 of the amendment to the petition (R. pp. 26-27) filed by the plaintiff after the appeal was lodged in this case in the district court reads as follows:

"Plaintiff further alleges that at the time of said garnishment was had, issued and served as aforesaid, that the plaintiff herein had a substantial interest in the money described in the answer of the garnishee, the Union National Bank, as per exhibit D herein, in this, to wit: That the said Cleota Hagar, mentioned in said answer of the Union National Bank and Guy Hagar, her husband, the owners of said money described in said answer had at the time said money was received and prior to the deposit thereof, in the Union National Bank verbally agreed with this plaintiff that the money would be used in whole or in part as might be necessary in the raising of a crop, said crop to be a partnership crop and the said plaintiff herein to furnish labor and tools and stock as a consideration for said verbal agreement."

This is clearly an attempt by the plaintiff to plead some interest in the garnished funds, so as to bring himself within the rule hereinbefore quoted. But the attempt fails for the reason that while he says he had some sort of partnership agreement with Cleota Hagar for the use of the garnished money in raising a crop, he does not say that the money belonged to him, or that he was prevented from raising such crop, or damaged in any way by the garnishment of said funds, or that his daughter, Cleota Hagar, and her husband had no other money with which to comply with said alleged cropping agreement. The general authorities set out in the brief of the plaintiff in error herein relate exclusively to the right of a person to damages for a wrongful attachment where the property of the defendant in attachment has been in fact attached; but no authorities are cited, and we can find none, to the effect that a defendant in a garnishment action whose property has not been garnished can maintain a damage suit.

The demurrer to said petition could have been sustained on another ground. It has been held in this state that three remedies exist where a person is damaged by reason of wrongful garnishment or attachment: First, a suit upon the bond; second, the common-law action for malicious prosecution; and, third, a statutory action for wrongful attachment or garnishment. Without fully discussing these remedies, which discussion would serve no useful purpose in this opinion, it is sufficient to state that the plaintiff in error, Row, sought the second remedy above,—the common-law action for malicious prosecution. The fourteenth paragraph of his petition reads as follows (R. p. 3):

"Plaintiff further alleges and states that said garnishment was willfully and maliciously obtained and was so had and obtained with the willful and malicious intent of the defendant, John Morris, to injure the plaintiff and his credit standing and reputation"

—and the prayer thereof reads as follows (R. p. 4):

"Wherefore, plaintiff prays judgment against said defendants in the sum of $70.

"Plaintiff further prays judgment against the defendant, John Morris, in the sum of $70 actual damage and the sum of $50 punitive damage."

The third paragraph in the amendment to petition (R. p. 26) reads as follows:

"Plaintiff herein realleges paragraph No. 14 of the original petition, which the court has heretofore ordered stricken prior to the dismissal of said cause as to the surety, Luther Seaborn, and alleges that said garnishment was willful and malicious and was so had and obtained with the willful and malicious intent of the defendant, John Morris, to injure the plaintiff and his credit standing and reputation and said garnishment was so maliciously had and obtained by the said John Morris, defendant herein, with full knowledge that his right thereto did not exist and that said garnishment could not be sustained."

The justice court had no jurisdiction of such an action. Section 868, Okla. Stats. 1931, reads as follows:

"Justices shall not have cognizance of any action; * * * Or, second, in any action for libel, slander or malicious prosecution."

If the justice court originally had no jurisdiction of the cause, the district court on appeal had none, for on appeal the district court has appellate jurisdiction only and could not try an action of which the justice court had no jurisdiction. This rule has been laid down by this court in numerous cases. See Newland v. Hatten, 92 Okla. 207, 218 P. 822, and Hesser v. Johnson, 13 Okla. 747, 76 P. 181, where the rule is stated:

"Where an action is appealed from a justice of the peace to the district court, the district court takes merely appellate jurisdiction and no original jurisdiction, and can hear and determine the case only as a case within the jurisdiction of a justice of the peace."

We, therefore, conclude the trial court properly sustained the demurrer to the petition herein, and the judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys R. Place Montgomery and J. G. Hughes in the preparation of this opinion. These attorneys constituted two members of an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Montgomery and approved by Mr. Hughes, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and CORN, JJ., concur.