### MANCHACA et al. v. MARTINEZ et al.
### No. 3335.

Court of Civil Appeals of Texas. Beaumont.
July 20, 1938.

Rehearing Denied Sept. 20, 1938.

Russell & Edwards, of Nacogdoches, for appellants.

Seale & Thompson, of Nacogdoches, for appellees.

PER CURIAM.

This was a suit to partition a tract of two hundred acres of land in Nacogdoches County, owned by Mary Martinez at the time of her death as her separate property. The plaintiffs were certain of the heirs of Mary Martinez, and a grantee of two of the heirs. The defendants were Frank Martinez, surviving husband of Mary Martinez, and her other heirs. At the time of the death of Mary Martinez she and her husband, Frank Martinez, used, occupied, and enjoyed the land as their homestead.

The plaintiffs claim the right of partition on two grounds: First, that Frank Martinez had abandoned his homestead rights in the land; that issue was found against the plaintiffs and they have no assignment against that finding. The second ground is that, subject to the homestead rights of Frank Martinez, plaintiffs had the right of partition; that issue was decided against them. On trial to the court without a jury, judgment was entered to the effect that plaintiffs were not entitled to partition.

Section 52 of Art. 16 of the constitution, Vernon's Ann.St.Const. art. 16, § 52, reads: "On the death of the husband or wife, or both, the homestead shall descend and vest in like manner as other real property of the deceased, and shall be governed by the same laws of descent and distribution, but it shall not be partitioned among the heirs of the deceased during the lifetime of the surviving husband or wife, or so long as the survivor may elect to use or occupy the same as a homestead, or so long as the guardian of the minor children of the deceased may be permitted, under the order of the proper court having the jurisdiction, to sue and occupy the same."

Under authority of this section of the constitution, the plaintiffs were not entitled to partition as long as the land was held, used, and occupied by Frank Martinez as his homestead. Allen v. Ashburn, 27 Tex.Civ.App. 239, 65 S.W. 45; Allen v. Campbell, 53 Tex.Civ.App. 76, 115 S. W. 360; Beall v. Hollingsworth, Tex.Civ. App., 46 S.W. 881; Brown v. Reid, 20 Tex.Civ.App. 74, 48 S.W. 537; Buse v. Buse, Tex.Civ.App., 267 S.W. 141; Crump

v. Andress et al., Tex.Civ.App., 265 S.W. 1074; Clements v. Maury, 50 Tex.Civ.App. 158, 110 S.W. 185; Cline v. Niblo, 117 Tex. 474, 8 S.W.2d 633; Eason v. Eason, Tex.Civ.App., 212 S.W. 972; Pressley's Heirs v. Robinson, 57 Tex. 453; Rettig v. West End Realty Co., Tex.Civ.App., 241 S.W. 614; Tieman v. Baker, 63 Tex. 641; Constitution of Texas, Art. 16, Sec. 52, Vernon's Ann.St.Const. Art. 16, § 52; Nunn on Texas Homestead, Sec. 8, pp. 244-248.

The grantee of the heirs asserts that, since he was not an heir of Mary Martinez but held title by purchase from the heirs, his claim does not fall within the constitutional inhibition against partition; that contention is denied. To permit partition in favor of the grantee, holding under the heirs, would defeat the manifest constitutional intent.

It follows that the judgment of the lower court should in all things be affirmed, and it is accordingly so ordered.

Affirmed.