T. E. CHARTER, Appellee, v. T. L. THOMAS, Administrator, et al., Appellants.

No. 45209.

JUNE 18, 1940.

R. S. Milner and John D. Randall, for appellants.

Carl F. Jordan, for appellee.

OLIVER, J.—This action was instituted in 1936, to enjoin the sale under general execution of real estate claimed to be the homestead of the judgment debtor. The judgment grew out of an automobile accident in 1935. It was originally for $7,175, and was later reduced by payment of $5,000 thereon. The property levied upon was a house and city lot belonging to plaintiff. The house is a 1½ story building, 22 feet wide

and 40 feet deep, with a basement and with rooms on the first and second floors.

It is conceded by defendants that for many years all of said property had constituted plaintiff's homestead and as such was exempt from execution. However, defendants contend the character of the use and occupancy of a portion of said premises was changed in 1934 by the creation and renting to third parties of a four-room apartment on the second floor of said house. Defendants say these acts constituted an abandonment of this portion of the property as plaintiff's homestead and that said four rooms were thereafter not exempt.

The material facts are not in substantial controversy. Repairs upon the house had become necessary and plaintiff had mortgaged the property to secure funds to make them. Plaintiff testified that in 1934, for the purpose of paying said mortgage, he decided to rent temporarily some of the rooms.

The four rooms on the second floor were prepared for rental as an apartment. Partitions made of beaverboard, which plaintiff testified were temporary, were erected to separate these rooms from the remainder of the house. Separate entrances were made by removing a window in the front and a window in the rear of the house and replacing them with doors. These windows were preserved that they might be later replaced. A beaverboard partition was erected beside the front stairway and a rear stairway was constructed. Plaintiff and his wife continued to occupy the remainder of the house including a room on the second floor, walled off with beaverboard and the several rooms on the first floor, some of which plaintiff partitioned with beaverboard. The house was heated with one furnace and there was only one water meter but separate gas and electric meters were installed. The tenants occupying the rooms on the second floor had no lease.

Plaintiff testified that when his three children were at home he needed the entire house; that he did not know when some of them might return and want a place to live and that the alterations were temporary in character.

The decree enjoined the enforcement of the judgment against any part of the premises. Defendants have appealed. One of the propositions presented concerns the alleged abandonment of the rented four rooms as part of the homestead.

Our holdings involving homesteads have strongly leaned, as they should, to the protection of the homestead estate. Rand Lumber Co. v. Atkins, 116 Iowa 242, 89 N. W. 1104. Whether or not a homestead has been abandoned is largely a matter of intent to be determined on the particular facts in each case. Schaffner v. Campbell, 198 Iowa 43, 199 N. W. 334. The question is one of intention and that must usually be determined from the testimony of the parties in the light of the surrounding circumstances. Citizens Bank of Milo v. Frank, 212 Iowa 707, 235 N. W. 30.

The building in controversy was an ordinary eight or nine room dwelling house suitable in size for plaintiff's family, and by them occupied for many years. Plaintiff testified he intended to rent some of the rooms temporarily to secure funds to pay for necessary repairs and that the alterations were temporary so they might be removed. The character of the alterations and tenancy are circumstances strongly supporting this testimony.

Upon the whole record we conclude plaintiff has proved a definite and good faith intention and plan to lease the rooms for a temporary period and purpose only, and thereafter to again occupy them as a part of his homestead.

The trial court found that:

"* * * Plaintiff had no intention of permanently abandoning the rented portion of the dwelling as a part of the homestead, and that the changes in the building were of a temporary character, and that in truth and in fact the plaintiff did not abandon, or intend to abandon, as a part of his homestead, any of the rooms so leased to tenants at will."

We agree with this finding and with the decree based thereon. See Buckles v. Matson, 178 Iowa 310, 159 N. W.

1007; Fardal v. Satre, 200 Iowa 1109, 206 N.W. 22; Elliott v. Till, 219 Iowa 649, 259 N.W. 460, and authorities therein cited.

Other propositions are urged by plaintiff in support of the decree. Our holding renders their consideration unnecessary.

The decree is affirmed.—Affirmed.

All JUSTICES concur.