### HOFFMAN v. HAND et al.

(Supreme Court, Appellate Term. February 3, 1899.)

1. ATTACHMENT—ACTION ON BOND—EVIDENCE.
   In action against surety on attachment bond, evidence of the cost of the property levied on was not competent proof of value, where it was of such a character as to possess a market value.

2. SAME.
   In action on attachment bond, defendant can show that plaintiff was not the owner of the property levied on.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by Samuel Hoffman against Louis Hand and Edward E. Lewis. From a judgment in favor of plaintiff, Hand appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

A. A. Joseph, for appellant.

Max D. Steuer, for respondent.

PER CURIAM. This is an action brought against the sureties on an attachment bond, and the damages laid embrace the amount expended for counsel fees on the vacation of the attachment, and also the value of the property on which the levy was made. The justice awarded judgment for the plaintiff for the full amount claimed. The plaintiff's assignor was allowed to testify that the goods levied upon cost the sum of $500, and it was upon this evidence alone that the justice assessed the damages. This, under the circumstances, was not competent proof of value. While cost is in some cases some evidence of value, it may not be resorted to where the property is of such a character as to possess a market value, as was the case here. The goods in question should have been properly described, and proof given with respect to such value.

The court below also erred in refusing to allow the defendant to show that the plaintiff was not the owner of the property levied upon. The question put to the plaintiff's assignor on cross-examination as to whether he claimed to be such owner was excluded under objection, and an exception to this ruling of the justice was taken. It is obvious that the defendant was entitled to pursue such an inquiry, and the refusal to permit it was reversible error.

The defendant appellant contends that the value of the property is not recoverable under the bond as damage resulting from the attachment and levy made thereunder. The case, however, was so loosely tried below, and the record is so deficient, that, in view of the fact that there must be a new trial in any event, we prefer to leave this question an open one, for the determination of the trial court upon a fuller presentation of the facts of the case.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

