[No. 17337. Department Two. February 10, 1923.]

JAMES W. NOLAN, *Respondent*, v. JAMES E. BLACKWELL
*et al., Appellants.*[1]

MUNICIPAL CORPORATIONS (315, 325)—POLICE POWER—PROTECTION
AGAINST FIRE—BUILDING PERMITS—VIOLATION OF ORDINANCE—VESTED
RIGHTS. A building permit issued under a mistake of fact, in violation of a city ordinance, and "subject to compliance" therewith,
is void, and the fact that officials suffered the building to be erected
confers no vested right to maintain it, or estop the city from removing it.

SAME (315)—FIRE HAZARD—PROVISIONS OF ORDINANCE—REVIEW BY
COURTS. Where an ordinance prescribes what shall constitute a
fire hazard, the courts have no power to find that a building within
the restriction is not a fire hazard or to prescribe a different rule.

SAME (331)—VIOLATION OF ORDINANCE—REMOVAL OF BUILDINGS—
POWERS OF OFFICERS. Seattle Charter, § 18, giving the city council
power to establish fire limits and prohibiting the erection of certain
buildings therein, is sufficiently complied with by an ordinance authorizing the superintendent of buildings to remove buildings whenever he finds they have been erected in violation of the ordinance,
without any special ordinance to check violations.

Appeal from a judgment of the superior court for
King county, Brinker, J., entered February 11, 1922,
in favor of the plaintiff, in an action for an injunction,
tried to the court. Reversed.

*Walter F. Meier* and *Hugh R. Fullerton,* for appellants.

*John T. Casey,* for respondent.

FULLERTON, J.—The respondent, James W. Nolan,
on July 14, 1920, secured from the building department
of the city of Seattle a permit to construct a frame
garage at number 2224 Elliott avenue in that city. The
permit was issued under the misapprehension of the
officials that the location was within the fourth building
district of the city, when, as a matter of fact, it was

[1]Reported in 212 Pac. 1048.

within the second district, wherein frame buildings were not permitted to be constructed. The life of the permit was thirty days and it was cancelled in October, 1920, when it was discovered by a city inspector that no building had been erected under it. In April, 1921, the field inspector of the building department found respondent constructing the garage. He advised him that his permit had been cancelled because of the expiration of the time limit fixed in it, and suggested to him that he secure a new permit. Respondent immediately thereafter applied for a new permit, which was refused him because of the fact that the site of the proposed garage was within the district within which frame buildings were not permitted. There is evidence tending to show that at that time respondent was notified to stop work on the building, but he completed it and used it as a garage. On September 19, 1921, a notice was posted by the city on the building requiring its vacation and destruction forthwith. This action was then started by respondent to enjoin appellant Blackwell, as city superintendent of buildings, and other city officers, from interfering with respondent's peaceful occupancy and use of the building. From a judgment granting the relief prayed, the city officials appealed to this court.

In his complaint, respondent predicates his prayer for relief upon the proposition that he has a vested right to occupy the building, inasmuch as he was permitted to complete it without interference by the officers of the city. But we think the position not well founded. There is no question that the erection of the building was in violation of the ordinance, as it is proven to be within the second building district wherein only fireproof buildings, mill buildings, one-story masonry buildings and masonry dwellings of not over two stories and an attic are permitted.

The permit being in violation of the ordinance, and having been issued under a mistake of fact, it conferred no rights upon respondent. The ordinance is positive in its prohibitions and contains no exceptions, hence no city officer was authorized to permit its violation. Furthermore, upon its face the permit requires that the work be done ''subject to compliance with the Ordinances of the city of Seattle.'' That a building permit issued in violation of law or under mistake of fact confers no rights is well established. 4 R. C. L. 402; *O'Bryan v. Highland Apartment Co.,* 128 Ky. 282, 108 S. W. 257; *City of Brooklyn v. Furey,* 9 Misc. Rep. 193, 30 N. Y. Supp. 349; *Eichenlaub v. City of St. Joseph,* 113 Mo. 395, 21 S. W. 8, 18 L. R. A. 590; *Mettzer v. City of Chicago,* 152 Ill. App. 334.

The rule, as stated in 4 R. C. L. 402, is:

''Where one, therefore, obtains from a municipal council permission to erect wooden buildings within the fire limits of a city whose charter prohibits the erection of such buildings without such permission, and enters upon the work of construction thereunder, he acquires a vested right to proceed with their construction and enjoyment which the council cannot deprive him of by rescinding its permission. But this rule will not apply where the permit is an invalid one; as where a permit was issued under a misstatement or misconception of facts, or in contravention of building regulations. In such a case it may be revoked upon discovery of the error, even after building operations have begun. Nor will an unlawful issuance of a permit by city officials, authorizing the erection of a wooden building within fire limits, although acted on, estop the city from enforcing its ordinance, or prevent it from tearing down the building without the necessity of a judicial proceeding, where, in such cases, the city is so empowered.''

One of the findings upon which the lower court based its judgment was that the building was not a fire

hazard. This was not a question for the court. The ordinance, the validity of which is not questioned, itself prescribes what shall and what shall not be considered as a fire hazard within the various districts of the city, and the courts are without authority to prescribe a different rule.

Respondent, however, contends that the evidence that the building was not a menace or fire hazard was material, and that the court's finding was correctly based thereon, because the officers of the city could only order the building destroyed if that was the situation; and further, that only the city council has the power to order the destruction of the building wrongfully erected within the fire limits. To the first branch of the objection it is sufficient to say that it is founded upon a misconstruction of the ordinance. As to the second, the city charter provides (art. 4, § 18) that the city council shall have the power by ordinance "to establish fire limits . . . to prohibit the erection within such fire limits of any building . . . and to provide for the removal of any building erected contrary to such prohibition." Acting under this provision of the charter, the city by ordinance duly authorized and empowered its superintendent of buildings to require any building to be removed or demolished whenever it should be found by him that such building was erected in violation of its prescribed fire limits. This was a sufficient compliance with the provisions of the charter. It was not the purpose of the charter to require a special ordinance to check violations of its general ordinance relating to this subject.

Respondent has cited to us *Coffin v. Blackwell*, 116 Wash. 281, 199 Pac. 239, in support of his contention. That case, however, involved a building constructed under a valid permit issued prior to the adoption of the present building code.

From the record, we see no escape from the conclusion that the building in question was erected in violation of law, and that appellants are within their rights in ordering its vacation and destruction.

The judgment is reversed, and the cause remanded with instructions to dismiss the action.

MAIN, C. J., PARKER, and TOLMAN, JJ., concur.