[Civ. No. 9267. Second Appellate District, Division One.—June 26, 1935.]

D. O. TAYLOR, Appellant, v. CLARENCE H. RUSSELL et al., Defendants; NORMAN W. ALPAUGH et al., Respondents.

J. E. Stillwell, Robert E. Austin and John N. Helmick for Appellant.

John H. Foley, *in pro. per.,* John Dennison and George H. P. Shaw for Respondents.

HOUSER, J.—As far as are material to this appeal, in substance the facts appear to be as follows: Prior to the date when the instant action was commenced in the lower court, in another action theretofore instituted the defendants in the instant action had recovered a judgment for approximately $43,000 against the assignors of plaintiff herein;—from which judgment an appeal was taken, with the result that said judgment was reduced to the sum of $3,500. (*Russell* v. *Stillwell,* 106 Cal. App. 88 [288 Pac. 785].) In the meantime, in a third action, as the result of a cross-complaint that' was filed therein by the defendants herein, it was decreed that a certain sale of real property made by the assignors of plaintiff herein was void as to creditors of said assignors. Thereupon the plaintiffs in the first action (defendants herein) levied upon and sold under execution sale all the right, title and interest of the defendants in said first action in and to said property (which right consisted of an equity over a prior trust deed) for the sum of $25,000,—the said plaintiffs being the purchasers at said sale of said property, and thereafter causing the original judgment of $43,000 in said first action, to be credited with said sum of $25,000. Thereafter the assignee of the defendants in said first action commenced the instant action against the plaintiffs in the first action (defendants herein) to recover a judgment against them for the difference between the ultimate judgment of $3,500 recovered by plaintiffs in the first action against the defendants therein (plaintiff's assignors herein) and the sum of $25,000, for which the said property of the said defendants in said first action had been sold on execution sale. On the trial thereof a judgment of nonsuit was rendered, and it is from said judgment that the instant appeal is taken.

It is contended by respondents that "a deed in fraud of creditors, even when set aside as fraudulent by the creditors, is valid as between the parties thereto".

In 14 American & English Encyclopedia of Law, page 273, the rule (supported by numerous authorities) is thus stated:

"No rule of law is more firmly established than that a transfer of property made in fraud of creditors, while void as to them, is binding upon the parties and those in privity with them. The statutes against fraudulent conveyances are designed merely to protect the interests of creditors, and their provisions do not in any manner affect the rights of the parties to the conveyance, and these must therefore be determined by the principles of the common law."

And in volume 2, Moore on Fraudulent Conveyances, page 1025, it is said:

"A decree avoiding a deed as to creditors of the grantor leaves the deed operative *inter partes*. The legal effect of a judgment declaring a conveyance void as against a judgment creditor is not to restore the title to the debtor, but to make the property subject in the hands of the grantee to the judgment lien and clear the way for the judgment creditor to sell in satisfaction thereof. A decree adjudging a conveyance void as being in fraud of creditors is a decree *sub modo,* and binding only as to such creditors. . . . "

It is apparent that if the deed made by one of the plaintiff's assignors was binding as between him and his grantee; and if, as conceded by the plaintiff in the instant action, plaintiff's said assignor never acquired any additional title to the property subsequent to the conveyance by him in question—at the time of the trial of the instant action, notwithstanding the oral testimony of plaintiff's assignor to the effect that he was the "owner" of the property at the time it was sold on execution of the former judgment,—from that situation plaintiff had no standing in court that would entitle him to maintain the action. Nor did the other of plaintiff's assignors make any showing to the effect that he was the owner of the said property.

It is unnecessary to consider any other point raised by the parties to this appeal.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 23, 1935, and an applica-

tion by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 22, 1935.