[Civ. No. 11526.   Second Appellate District, Division One.—November 15, 1938.]

SALVADOR RAMIREZ, Appellant, v. HARTFORD ACCIDENT & INDEMNITY COMPANY (a Corporation) et al., Respondents.

Benjamin Chipkin for Appellant.

Sherer & Daugherty and Harry A. Daugherty for Respondents.

YORK, P. J.—This action was commenced on April 18, 1936, to recover $2,000 from respondent indemnity company upon an undertaking on attachment, and $6,000 from the individual respondents Giandeini, for damages alleged to have been sustained by appellant by the issuance of an unlawful attachment on April 20 and May 8, 1934, at the request of said individual respondents. Said attachment was issued in connection with an action brought by respondents Giandeini against appellant and his wife upon a promissory note secured by a second mortgage on real property without first exhausting the security. On the same day the respondent indemnity company executed its undertaking on attachment upon the condition, among others, that "if the said attachment is discharged on the ground that the plaintiffs are not entitled thereto under section 537 of the Code of Civil Procedure, the plaintiffs will pay all damages which the defendants or any of them may have sustained by reason of the attachment, not exceeding the sum specified in the undertaking". On April 28, 1934, appellant, as defendant in the attachment suit, made a motion to dissolve the attachment on the ground that it was irregularly and improperly issued and that the security given for the obligation sued upon had not been legally exhausted prior to the bringing of the action on said promissory note.

In the meanwhile by virtue of the writ of attachment, the sheriff levied upon and seized personal property consisting of one Chevrolet truck, a stock of merchandise composed of groceries, certain fixtures and cash and held possession thereof for some ten days when on May 1, 1934, the attachment was released pursuant to a third-party claim filed by Mercedes Ramirez, a sister of appellant, who claimed ownership of the attached property under a duly recorded notice of sale of stock in bulk dated January 27, 1933, and a bill of sale dated February 6, 1933, executed by appellant in favor of said sister. Immediately thereupon, the respondents Giandeini, as plaintiffs in the attachment suit, petitioned the court for

a determination of the title to said attached property and on May 10, 1934, the third party claim was disallowed and judgment was entered under date of July 13, 1934, by which it was ordered and determined that "title to the property attached by virtue of the writ of attachment issued out of this court and referred to in the third-party claim, was at the time of the levy and at all times since, up to and including the time of hearing on this claim, in the defendants, Salvador Ramirez and Marie Ramirez, in this action, and that the third party claimant, Mercedes Ramirez, had at no time any right, title or interest in and to the property referred to in her third party claim". Thereupon, respondents Giandeini again attached the same property under an *alias* writ of attachment issued May 8, 1934.

On May 9, 1934, the court denied appellant's motion to dissolve the attachment of April 20, and on May 10, 1934, appellant appealed from the order denying said motion to dissolve the attachment. Pending the appeal, the attachment suit went to trial and judgment was rendered in favor of the respondents Giandeini, and the attached property, which had been removed by the sheriff to the Los Angeles warehouse and there detained under instructions of respondents Giandeini, was on October 4, 1934, sold by the sheriff under a writ of execution issued upon said judgment. On September 24, 1934, appellant filed a voluntary petition in bankruptcy listing as assets the attached property and the pending appeal, and at the trustee's sale of such assets appellant purchased the said appeal, or whatever rights he had under it. On January 28, 1936, this court reversed the order denying appellant's motion to dissolve the attachment on the ground that suit had been prematurely brought (*Giandeini* v. *Ramirez,* 11 Cal. App. (2d) 469 [54 Pac. (2d) 91]), and on April 17, 1936, the superior court of this county granted appellant's motion to dissolve and discharge said attachment. On April 18, 1936, as hereinbefore stated, this action was brought to recover damages for illegal, unlawful and wrongful attachment. From the judgment rendered in favor of respondents, appellant prosecutes this appeal, particularly urging that the judgment and certain of the findings of fact are not supported by the evidence and further "that the entire case hinges upon two questions: One—As to who was entitled to possession of the property at the time of the attachment?

Two—Could the defendant set up a defense in an action upon a surety bond that the ownership of the attached property was in a third person?"

It is appellant's claim that he was the legal owner and entitled to the possession of the attached property at the time the levy of attachment was made, and in support thereof he cites the order of the trial court dismissing the third-party claim and determining that appellant was the owner of such property at all times mentioned in said third-party claim.

Although the transcript does not show the basis upon which the order of dismissal of the third-party claim was made, respondent indemnity company claims, and appellant admits, that it was done upon the ground that the transfer from appellant to his sister was fraudulent because there was no evidence of change in possession of the personal property attached, and argues that such fraudulent transfer binds the parties thereto, as between themselves, although it is void as to creditors; that barring such creditors appellant's sister owned the property attached and therefore respondent indemnity company had a perfect right to assert that appellant was not the owner of the property attached and in consequence sustained no damage by reason of the attachment.

In support of their theory, respondents introduced in evidence over the objection of appellant the recorded notice of sale of stock in bulk, given pursuant to the provisions of section 3440 of the Civil Code, as well as the bill of sale, dated February 6, 1933, from appellant to his sister. Furthermore, upon cross-examination appellant admitted that he transferred the grocery store and its contents to his sister on the date mentioned in the bill of sale; that he continued to work for his sister on a salary basis up to the time of the attachment, and that his sister made no retransfer of the property to him at any time.

"No rule of law is more firmly established than that a transfer of property made in fraud of creditors, while void as to them, is binding upon the parties and those in privity with them. The statutes against fraudulent conveyances are designed merely to protect the interests of creditors, and their provisions do not in any manner affect the rights of the parties to the conveyance, and these must therefore be deter-

mined by the principles of the common law." (*Taylor* v. *Russell,* 8 Cal. App. (2d) 61, at 63 [47 Pac. (2d) 305].)

"A conveyance in fraud of creditors vests title to the property transferred in the grantee, except as against the creditors of the grantor. While the grantee holds such title the property is subject to the claims of his creditors to the same extent as any other property to which he has title." (*Withrow* v. *National Surety Co.,* 122 Cal. App. 242, at 247 [10 Pac. (2d) 83].)

From this it appears that the bill of sale of February 6, 1933, vested title to the personal property in appellant's sister, Mercedes Ramirez, and at the time the attachment was issued and levied, said sister was the owner and entitled to the possession of such property.

█ With respect to the second question hereinbefore set out, it can be shown in defense of an action on an attachment bond that defendant in attachment was not the owner of the property levied upon. (*Hoffman* v. *Hand,* 26 Misc. 370 [55 N. Y. Supp. 955].) "If an attachment levied upon the property of a defendant in attachment proves to have been wrongful, he is entitled to recover for the resulting damages; but he has no right of action where the attachment, though wrongful, was levied on property of all interest in which he has divested himself before the levy, and *a fortiori* the attachment defendant can have no right of action for the seizure of property of a stranger to which he never had any title." (*Row* v. *Morris,* 174 Okl. 119 [49 Pac. (2d) 1103, at 1105], citing 6 C. J. 501.)

For the foregoing reasons, it is obvious that appellant suffered no damage by reason of the attachment and, therefore, that the trial court did not err when it refused to admit any evidence on the question of damages. The evidence sustains both the findings and the judgment.

The judgment is affirmed.

Doran, J., and White, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 9, 1938, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 12, 1939.