[No. 35305.      Department One.      January 5, 1961.]

J. D. ENGLISH STEEL COMPANY, *Respondent*, v. TACOMA
SCHOOL DISTRICT No. 10, *Defendant*, OSTRUSKE-
MURPHY, INC., *Appellant*.[1]

*Eisenhower, Hunter & Ramsdell,* for appellant.

*Metzger, Blair & Gardner,* for respondent.

OTT, J.—March 27, 1957, Ostruske-Murphy, Inc. (herein-
after referred to as the prime contractor), contracted with
Tacoma School District No. 10 for the construction of an
addition to the Tacoma Vocational School. April 1, 1957,
the prime contractor entered into a subcontract with North
American Prestressed Concrete Company, Ltd. (hereinafter
referred to a NAPCO), by the terms of which NAPCO

[1] Reported in 358 P. (2d) 319.

agreed to fabricate certain concrete beams and slabs for the addition.

Between May 16 and September 10, 1957, J. D. English Steel Company (hereinafter referred to as the materialman) delivered to NAPCO at the job site, or on adjoining city property, certain steel materials which were used in the fabrication of the beams and slabs. NAPCO defaulted on its payment to the materialman for the steel.

The materialman commenced this action pursuant to the public works lien statute (RCW 60.28.010) to recover from the retained percentage of the contract between the prime contractor and the school district the sum of $5,413.65 for the materials furnished to NAPCO.

The defendant school district appeared and filed its certificate setting forth that it had retained $69,150.59, but that, by stipulation of the parties, it had released to the prime contractor all but $6,000.

The court's judgment awarded plaintiff materialman the full amount of its claim, declared it to be a first lien upon the retained percentage, and directed the defendant school district to satisfy the award therefrom. The prime contractor has appealed.

Appellant first contends that the trial court erred in including the words "provisions" and "supplies" in its findings of fact. Provisions and supplies are, by statute, items subject to lien. RCW 60.28.010, *supra*. The trial court found that the articles furnished by the materialman came within the meaning of the term "provisions and supplies." The court's finding of fact is supported by the record. We find no merit in this assignment of error.

The appellant next contends that respondent does not qualify as a person or materialman entitled to the benefits of RCW 60.28.010, *supra*. Appellant argues, in support of its contention, that NAPCO was not a subcontractor, but a materialman, and that those supplying materials to materialmen are not within the statute. The statute provides that the retained percentage is

". . . a trust fund for the protection and payment of any person or persons, mechanic, subcontractor or mate-

rialman who shall perform any labor upon such contract or the doing of said work, and *all persons who shall supply such person or persons or subcontractors with provisions and supplies for the carrying on of such work,* . . ." (Italics ours.)

■■ The trial court, in its finding of fact No. 7, established NAPCO's status as a subcontractor. No error is assigned to this finding. Appellant, on the record before us, is precluded from asserting that NAPCO was not a subcontractor. Rule on Appeal 43, RCW Vol. 0; *Jeffery v. Hanson,* 39 Wn. (2d) 855, 239 P. (2d) 346 (1952). Nor will assignments of error directed only to conclusions of law bring up for review the supporting findings of fact. *Becwar v. Bear,* 41 Wn. (2d) 37, 246 P. (2d) 1110 (1952), and cases cited. This limits our inquiry to whether or not the facts as found by the court support its conclusions of law. *Becwar v. Bear, supra.*

■ NAPCO was a subcontractor that defaulted in its payment for materials which were used in the construction of the building. We hold that the facts as found by the court support its conclusions of law.

■ Appellant's final contention is that RCW 60.28.010, *supra,* confers no rights upon the respondent materialman, and that only creditors of the prime contractor are entitled to a lien upon the retained percentage.

In *Maryland Cas. Co. v. Tacoma,* 199 Wash. 384, 92 P. (2d) 203 (1939), we held that claimants who furnish labor or materials to a subcontractor participating in a public works project are entitled to share in the retained percentage. We adhere to the rule announced in the cited case.

The judgment is affirmed.

WEAVER, C. J., MALLERY, DONWORTH, and HUNTER, JJ., concur.