[No. 36104.    Department Two.    November 1, 1962.]

WILLIAM A. HOKE, *Appellant*, v. STEVENS-NORTON, INC.,
*Respondent.**

*John F. Raymond*, for appellant.

*Burgunder, Flanders & Trolson*, for respondent.

*Reported in 375 P. (2d) 743.

HAMILTON, J.—This is an appeal by plaintiff from a judgment dismissing his action for rescission of a contract for sale to him of a second mortgage.

▆ No error having been assigned to the trial court's findings of fact, such, perforce, became the established facts of the case. *Fain v. Nelson*, 57 Wn. (2d) 217, 356 P. (2d) 302. Our review is, therefore, limited to whether or not the facts as found support the trial court's conclusions of law and judgment. *J. D. English Steel Co. v. Tacoma School Dist. No. 10*, 57 Wn. (2d) 502, 358 P. (2d) 319.

The essential findings of the trial court are:

Supplemental Finding of Fact No. 1: "That on or about August 15, 1959, Defendant orally and in writing, represented to the Plaintiff that there was available for purchase a note secured by a second mortgage on real property. That said representations were false in that the purported mortgagor did not hold a fee simple interest in said property, but was only a contract purchaser thereof. The property was encumbered by a United States tax lien in the sum of $630.56. That said representations were of existing material facts; were known by the Defendant to be false or were recklessly made; were made to induce the Plaintiff to pay to Defendant the sum of $2250.00, which he did in justifiable reliance on said representations without knowledge that they were false; and that Plaintiff did not recover the money paid to the Defendant."

Supplemental Finding of Fact No. 2: "That the Defendant failed and refused to deliver a mortgage executed by the purported mortgagors, although the Plaintiff repeatedly demanded the papers called for in the sales agreement, including a mortgagee's policy of title insurance. The title insurance policy, Exhibit 12, was ultimately delivered to the Plaintiff and was issued and available by September 12, 1959."

Finding of Fact No. 2: "That thereafter and during the month of January, 1960, the defendant delivered to the plaintiff a note in the principal sum of $2,500.00 together with a deed and purchaser's assignment of real estate contract to secure payment thereof executed by James Holt and Lynette Holt, his wife, to the plaintiff."

Finding of Fact No. 3: "That prior to the delivery of such note and deed and purchaser's assignment of contract,

payments thereon had become in arrears. During the period from the latter part of 1959 and until the early part of April, 1960, the plaintiff had dealings with Morris Hardcastle Realty, who represented the holder of the vendor's interest in such real estate contract, made one payment representing four monthly instalments upon such real estate to Hardcastle Realty; accepted a deed from James Holt and Lynette Holt, his wife, in lieu of foreclosure of his security against the real property in question; assumed dominion over the real property by taking possession thereof, having keys made therefor, installing a hot water tank and heater, placing a 'For Sale' sign on the property, and orally listed the property with Hardcastle Realty and others for sale."

Supplemental Finding of Fact No. 3: "That on April 20, 1960, Plaintiff formally tendered to Defendant everything that he had received from Defendant and demanded a return of his money, which tender and demand were immediately refused. Thereafter on May 25, 1960, Plaintiff and Defendant, among others, were notified in writing that the true owner of said property, a June Reed, would declare a forfeiture of the Real Estate Contract between herself and James Holt and Lynette Holt, his wife, if payments in default were not made on or before July 1, 1960; and on July 1, 1960, a forfeiture was declared."

From the foregoing findings of fact, the trial court concluded:

"That the plaintiff through an exercise of dominion over the real property hereinbefore referred to, in making payment on the underlying real estate contract, and his failure to make a demand upon the defendant for rescission when he learned the true character of the securities sold to him, has waived any right to rescind or for damages." Conclusion of Law No. 2.

It is to this conclusion that plaintiff assigns error.

■ Plaintiff contends that the circumstances as found by the trial court do not justify concluding, as *a matter of law,* that plaintiff waived his right to rescind the purchase agreement. With this contention we agree. However, waiver of the right to rescind is a matter of intent, and, absent compelling circumstances, presents a question of fact. *Lawson v. Helmich,* 20 Wn. (2d) 167, 146 P. (2d) 537, 151 A. L. R. 930; *Fines v. West Side Implement Co.,* 56 Wn.

(2d) 304, 352 P. (2d) 1018; *Wickre v. Allen,* 58 Wn. (2d) 770, 364 P. (2d) 911.

■ Although the trial court entered no designated finding of fact bearing upon the issue of intent to waive, conclusion of law No. 2 partakes of the nature of a finding of fact and may be treated as such. *Coolidge v. Pierce Cy.,* 28 Wash. 95, 68 Pac. 391; 53 Am. Jur., Trial § 1138, p. 794; 89 C. J. S., Trial § 647, p. 487.

Treating conclusion of law No. 2 as a finding of fact, upon the issue of plaintiff's intent to waive his right to rescind, examination of the record, and finding of fact No. 3, reveals the following evidentiary and factual basis for the trial court's determination of waiver: Plaintiff had enjoyed some previous experiences in the mortgage investment field; was, or became, aware of the fact that the money he invested was used by the Holts for improving the property in question; knew the Holts defaulted their note to him in November, 1959; knew the property was being offered for sale; and, as set out in finding of fact No. 3:

" . . . During the period from the latter part of 1959 and until the early part of April, 1960, . . . had dealings with Morris Hardcastle Realty, who represented the holder of the vendor's interest in such real estate contract, made one payment representing four monthly instalments upon such real estate to Hardcastle Realty; accepted a deed from James Holt and Lynette Holt, his wife, in lieu of foreclosure of his security . . . ; assumed dominion over the real property by taking possession thereof, having keys made therefor, installing a hot water tank and heater, placing a 'For Sale' sign on the property, and orally listed the property with Hardcastle Realty and others for sale."

■ Although the foregoing factors, along with other circumstances appearing from the evidence presented, might lend themselves to a different factual finding upon the issue of waiver, it is not our function as an appellate court to "second guess" the trial court, if the facts as found by the trial court are supported by the evidence. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn. (2d) 570, 343 P. (2d) 183; *Hallin v. Bode,* 58 Wn. (2d) 280, 362 P. (2d) 242.

We are satisfied too, that a factual finding of waiver, upon the basis of a consideration of all of the factors set out in finding of fact No. 3, supports a legal conclusion of waiver. When found to exist, the exercise of dominion over the intrinsic asset of a contract, as well as an unreasonable delay in manifesting intent to rescind, give rise to a permissible inference of intent to waive the right of rescission. 2 Restatement, Contracts §§ 483, 484, pp. 921, 924. Necessarily such acts are relative matters, and depend, for their application, upon the facts of the particular case. Inherent in their application to a determination of waiver must be factors such as the nature and subject matter of the contract, and the speculative character thereof.

We hold the findings and conclusions support the trial court's judgment that plaintiff waived his right of rescission.

Plaintiff next contends that the trial court erred in finding and concluding that plaintiff also waived his right to claim damages arising out of the fraud and deceit. Assuming, without deciding, that plaintiff is correct upon this score, and further assuming that plaintiff may, under present Rules of Pleading, Practice and Procedure pursue the remedies of rescission and damages alternatively, we are satisfied that restoration of the purchase money, as claimed by plaintiff, is not the applicable measure of damages.

In commercial transactions such as this, where damages are sought as a result of fraud and deceit, the majority of the courts appear to favor applicability of the "benefit of the bargain" measure of damages, that is, the difference between the value of the security had such been as represented (a second mortgage upon a fee simple title) and the actual or real value of the security received. 1 Harper & James, Torts § 7.15, pp. 591, 603; 108 A. L. R. 1060; 37 C. J. S., Fraud § 143b, p. 476, *et seq.*; 24 Am. Jur., Fraud and Deceit § 227, p. 55. Here, as in *Fines v. West Side Implement Co., supra,* no attempt was made to come under the benefit of the bargain rule. We cannot speculate that plaintiff's security, as represented by the documents received,

was incapable of evaluation within the contemplation of the applicable measure of damages.

The fact that plaintiff subsequently allowed a forfeiture of the underlying real-estate contract does not alone alter the applicable measure of damages, for the pertinent values therein concerned are to be determined either as of the time of acquisition or discovery of the fraud. 1 Harper & James, Torts, *supra*; 37 C. J. S., Fraud, *supra*; 24 Am. Jur., Fraud and Deceit, *supra*.

The judgment is affirmed.

FINLEY, C. J., DONWORTH, OTT, and HUNTER, JJ., concur.

December 13, 1962. Petition for rehearing denied.