EBENEZER A.M.E. ZION CHURCH, *Appellant,* v. CORPORATE
LOAN & SECURITY COMPANY, INC., *Respondent.**

*Jack Steinberg,* for appellant.

*Karr, Tuttle, Campbell, Koch & Granberg,* by *Mary Ellen Hanley,* for respondent.

WEAVER, J.—December 5, 1960, Corporate Loan & Security Company, Inc., a Washington corporation (hereafter designated as "CL&S"), as assignee of Dr. Alfred Sheridan, secured a judgment for $500 with costs and interest against Sydel Peterson. The case was numbered 560,384, King County. Defendant Peterson had been the minister of the Ebenezer A.M.E. Church.

January 30, 1961, a writ of garnishment was issued to "Ebenezer *First* A.M.E. Zion Church, 1716-23rd Avenue, Seattle, Washington." It was served upon the church at the correct address the next day. Although properly titled, the writ erroneously included the word "First" in designating the garnishee defendant, and was numbered 560,*379,* King County.

The writ of garnishment not having been answered, a default judgment was entered against "Ebenezer First A.M.E. Zion Church" on February 21, 1961. (64 Wn.2d 242) The lawyer for CL&S immediately wrote the church officials that judgment had been entered against the church.

*Reported in 432 P.2d 291.

March 30, 1962, the church filed a motion in case No. 560,*384* (the correct number) to vacate the default judgment entered against it by reason of the writ of garnishment. The trial court granted the motion.

Upon appeal by CL&S, this court reversed the judgment because the motion had not been filed within one year from the date of its entry as required by Rule of Pleading, Practice and Procedure 60.04W, RCW vol. 0 (see Civil Rules for Superior Courts 60, effective July 1, 1967, 71 Wn.2d cxxiii), and by RCW 4.72.030. *Corporate Loan & Security Co. v. Peterson,* 64 Wn.2d 241, 244, 391 P.2d 199 (1964). The court said:

> The "Order Vacating Judgment," from which this appeal was taken, is set aside without prejudice to any other rights to attack the judgment which the respondent may have.

With this invitation, the church paid $264.81 costs awarded against it on appeal and commenced this action May 21, 1964 to set aside the $500 default judgment against it.

In addition to the reasons set forth in its 1962 motion to vacate judgment, plaintiff urges that CL&S was not qualified to maintain an action upon an assigned claim, and that its conduct constituted a constructive fraud upon the plaintiff.

At the close of plaintiff's evidence, defendant challenged its sufficiency. In his oral opinion, the trial judge announced that he was weighing the evidence and that plaintiff's action should be dismissed. Pursuant to the rule announced in *Richards v. Kuppinger,* 46 Wn.2d 62, 278 P.2d 395 (1955), the court entered findings of fact and conclusions of law. See Trautman, *Motions Testing Sufficiency of Evidence,* 42 Wash. L. Rev. 787, 802 (1967).

No error is assigned to the findings of fact. They become the established facts of the case. Rule on Appeal 43, RCW vol. 0. This appeal, therefore, is limited to a determination of whether the established facts support the trial

court's conclusions of law and judgment of dismissal. *Hoke v. Stevens-Norton, Inc.,* 60 Wn.2d 775, 375 P.2d 743 (1962).

Plaintiff (appellant) urges that CL&S was not qualified to maintain an action upon an assigned claim, for it had not filed a bond as a collection agency pursuant to RCW 19.16.010 and 020. The trial court found that CL&S had been "organized as the owner of real property" and not "for the collection of notes and debts." The court concluded, therefore, that CL&S was a proper party in the original action, for the statute, which is penal (RCW 19.16.050), did not prevent it from maintaining an action upon an assigned claim. Hence, plaintiff had no cause of action for unjust enrichment as pleaded in its notice of trial amendment.

Although the trial court found that the name of the garnishee defendant included the word "First" and was misnumbered, it concluded that these were inadvertent clerical errors which "in no way prejudiced the church." The record supports this conclusion. The writ was served upon the proper officer. The officials understood that the writ was directed to their church; they held a meeting to discuss the writ; they knew that defendant Peterson had been in their employ as minister. Immediately following entry of the default judgment, counsel wrote the church officials informing them that judgment had been entered against the church and that failure to satisfy the judgment immediately would result in levy and execution. The letter was received.

There is nothing in the court's findings of fact (nor in the entire record) that could possibly support a conclusion that CL&S or its counsel did anything that prevented the church from having a "fair submission of the controversy."

We agree with the trial court's conclusion that plaintiff has failed to prove fraud "by clear, cogent, and convincing evidence nor [*sic*] by a preponderance of the evidence."

The judgment is affirmed.

FINLEY, C. J., ROSELLINI, J., and BARNETT, J. Pro Tem., concur.