[No. 129-40935-1.   Division One.   February 9, 1970.]
Panel 1

NATIONAL BANK OF COMMERCE, *Respondent*, v. HENRY BACKSTROM *et al.*, *Appellants.*

*Bell, Ingram, Smith, Johnson & Level* and *Richard B. Johnson,* for appellants.

*Mucklestone & Mucklestone* and *John P. Mucklestone,* for respondent.

should not be used, as in the present case, where a real doubt exists as to decisive factual issues.

FARRIS, J.—On October 7, 1964, Henry Backstrom executed a promissory note with the National Bank of Commerce as payee. The note in the sum of $25,788.73 provided for interest at 12 per cent per annum from March 13, 1963.

The bank sued on the note and the defense of usury was raised. The trial court found that the note was usurious on its face but upon examining the entire transaction concluded that the essential elements of usury were not present. It then denied the defense, reduced the interest rate and entered judgment for the plaintiff. Defendant Henry Backstrom has appealed.

The defendant did not assign error to the trial court's findings of fact. They become the established facts of the case. CAROA 43. The appeal, therefore, is limited to a determination of whether the findings of fact support the trial court's conclusions of law and judgment. *Ebenezer A.M.E. Zion Church v. Corporate Loan & Sec. Co.*, 72 Wn.2d 128, 432 P.2d 291 (1967).

The defense of usury depends upon the existence of certain essential elements. *Hafer v. Spaeth*, 22 Wn.2d 378, 382, 156 P.2d 408 (1945):

> The essential elements of usury are: (1) a loan or forbearance, express or implied; (2) money or its equivalent constituting the subject matter of the loan or forbearance; (3) an understanding between the parties that the principal shall be repayable absolutely; (4) the exaction of something in excess of what is allowed by law for the use of the money loaned or for the benefit of the forbearance; and, in some jurisdictions, (5) an intent to exact more than the legal maximum for the loan or forbearance.

> To determine whether all these essential elements are present, the courts will look through the form of the transaction and consider its substance. If all the requisites are found to be present, the transaction will be condemned as usurious, but, if any one or more of them are lacking, the parties cannot be charged with an usurious practice. The cases are uniform in their acceptance of these principles. [Citations.]

The usury statute, RCW 19.52.020 - .030, is quasi-penal and the court must not find a violation of that statute unless it can be said, after examining the entire transaction, that it was usurious. *Simpson v. Cox,* 167 Wash. 34, 8 P.2d 424 (1932).

The trial court specifically found that there was no loan or forbearance incidental to the execution of the note on October 7, 1964; and that there was no intent to exact more than the legal maximum interest rate.

These findings of fact support the court's conclusion and judgment. Affirmed.

JAMES, C. J., and SWANSON, J., concur.