[No. 226-3. Division Three. February 5, 1971.]

LAWRENCE E. MABRY, *Respondent*, v. MAURICE R. BROWN *et al.*, *Appellants*.

*William L. Williams,* for appellants.

*John A. Wilkins* (of *Horton, Wilkins & Horton*), for respondent.

PER CURIAM.—Defendants, Maurice R. and Alice M. Brown, listed their residence for sale with plaintiff, Lawrence E. Mabry, in January 1968. On March 1, 1968 plaintiff's salesman presented defendants an earnest money agreement-offer by a prospective purchaser. The following day, after having examined the offer, defendants accepted it with a few modifications. Defendants' modifications were accepted by the purchasers. Thereafter, defendants refused to close the transaction.

Plaintiff sued to recover his commission, as well as attorney's fees and costs, provided for in the listing agreement. Defendants answered alleging: There was no meeting of the minds between purchasers and defendants; the earnest money and listing agreements were ambiguous; and plaintiff attempted to close the sale on terms different than those agreed upon by defendants. In addition, defendants counterclaimed for damages alleging plaintiff had breached the fiduciary duty owed them. The trial court found for plaintiff and dismissed defendants' counterclaim.

Defendants appeal, setting forth 22 assignments of error relating primarily to certain findings of fact made or refused and conclusions of law drawn by the trial court. Our review of the record reveals ample evidence to support the challenged findings, *Halvorsen v. Halvorsen,* 3 Wn. App. 827, 479 P.2d 161 (1970), and an examination of the findings shows sufficient support for the questioned conclusions. *Hoke v. Stevens-Norton, Inc.,* 60 Wn.2d 775, 375 P.2d 743 (1962). Therefore, the judgment of the trial court, based upon the conclusions entered, is affirmed.

Petition for rehearing denied March 22, 1971.

Review denied by Supreme Court May 6, 1971.