[No. 1122-1.    Division One—Panel 2.    October 2, 1972.]

FEDERAL FINANCE CO., INC., *Appellant, v.* GARY SOLOMON, *Respondent.*

*Alex Wiley,* for appellant.

*Kempton, Savage & Gossard* and *David W. Gossard, Jr.,* for respondent.

JAMES, J.—Federal Finance Company, Inc. brought this action to collect unpaid installments allegedly due under the terms of a promissory note executed by defendant Gary Solomon. At the time suit was commenced, a writ of attachment was issued and at Federal Finance's direction, a 1969 Corvette automobile was levied upon by the sheriff. The fiberglass body and the chassis of the car were substantially damaged at the time the car was attached.

Solomon failed to appear within 20 days and a judgment was entered by default. Execution was issued and the attached automobile was sold at sheriff's sale. Federal Finance was the execution sale purchaser for the sum of $200. Thereafter, upon Solomon's motion, the default judgment was set aside. Trial to the court on the merits followed.

The trial judge found the facts to be that the true nature of the transaction between the parties was a sale in 1965 of two automobiles with retention of title by Federal Finance as security for payment; that after Solomon had made improvements on one of the cars, it was agreed that Federal Finance would repossess it and that Solomon's obligation would thereby be satisfied; that although Federal Finance took back the car, Solomon made payments to Federal Finance totaling $291.44, but that the payments were made in response to demands of employees in another office of Federal Finance who were uninformed as to the true status of the arrangement between the parties; that because Solomon had become entangled with the criminal law, he improvidently complied with Federal Finance's demands for payment rather than assert his right to claim that his obligation had been fully satisfied; and finally that Solomon was not indebted to Federal Finance.

The trial judge further found that prior to the attachment Solomon had sold the 1969 Corvette automobile to the attorney who represented him in the criminal charge with the understanding that Solomon would retain possession of

the car and be responsible "for its care, keep and attention."

Finding of fact No. 9 is:

That the defendant was not the legal owner of the property but was a possessor of said property and re- sponsible to the owner for its care, keep and attention.

The trial judge concluded that Solomon was entitled to recover the $291.44 paid pursuant to Federal Finance's demands. He further found that the value of the 1969 Corvette automobile at the time of the levy was $2,200 and concluded that Solomon was entitled to a judgment for these amounts.

■ Federal Finance assigns error to the trial judge's findings concerning the true nature of the original transaction and the settlement reached between the parties. The only testimony concerning these transactions was that of Solomon. Seldom will an appellate record provide a basis for a meaningful review of a trial judge's determination of witness credibility. Solomon's testimony, if believed, constitutes substantial evidence in support of the trial judge's findings of fact. Under the familiar *"Thorndike"* rule, we must accept the trial judge's finding that Solomon's obligation was extinguished. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959); *Huzzy v. Culbert Constr. Co.*, 5 Wn. App. 581, 489 P.2d 749 (1971).

Federal Finance's remaining assignments all concern Solomon's entitlement to a judgment for wrongful attachment of the Corvette automobile. The trial judge's conclusion in this regard was:

That the plaintiff attached and sold at Sheriff execution a 1969 Corvette automobile owned by Mr. James S. Kempton in whose possession [*sic*] said automobile was entrusted to the defendant, Mr. Solomon, who was re- sponsible for its care and the defendant is entitled to judgment against the plaintiff for its reasonable value in the sum of $2,200.00.

Conclusion of law No. 3.

Federal Finance's fifth assignment of error is that the

trial judge erred "[i]n awarding judgment to respondent for damages to the car which the Court held respondent did not own at the time of the attachment."

Solomon responds to this assignment by arguing that the evidence establishes that the "sale" to his criminal trial attorney was a "security" transaction and that, in fact, he was the owner of the automobile when it was seized and sold by the sheriff. Solomon, however, did not cross-appeal, and the trial judge's finding that Solomon did not own the Corvette automobile at the time it was attached is unchallenged.

When findings of fact are unchallenged they must be accepted by an appellate court as verities—the established facts of the case. CAROA 43; *National Bank of Com. v. Backstrom,* 1 Wn. App. 881, 465 P.2d 189 (1970). The scope of our review as to Federal Finance's fifth assignment of error must therefore be limited to a determination of whether the trial judge's conclusions of law are supported by the established facts. *Ebenezer A.M.E. Zion Church v. Corporate Loan & Sec. Co.,* 72 Wn.2d 128, 432 P.2d 291 (1967).

Title or right to possession constitutes the foundation of an action for wrongful attachment. 6 Am. Jur. 2d *Attachment and Garnishment* § 605 (1963). But the finding that Solomon "was not the legal owner of the property but was a possessor of said property and responsible to the owner for its care, keep and attention" does not support the conclusion that Solomon "is entitled to judgment against the plaintiff for its reasonable value in the sum of $2,200.00."

The reasonable value of property lost by reason of an unlawful attachment would be the measure of the *owner's* damages.

Where the property wrongfully attached is not recovered by the *owner,* the measure of damages, in the absence of aggravating circumstances, is generally held to be the value of the property at the time and place of seizure, with lawful interest thereon.

(Footnotes omitted. Italics ours.) 6 Am. Jur. 2d *Attachment and Garnishment* § 621 (1963). *Fish v. Nethercutt,* 14 Wash. 582, 45 P. 44 (1896).

But the reasonable value of the property seized would *not* be a measure of damages for one who has divested himself of title and whose interest is possessory only. *Ramirez v. Hartford Acc. & Indem. Co.,* 29 Cal. App. 2d 193, 84 P.2d 172 (1938), and *Row v. Morris,* 174 Okla. 119, 49 P.2d 1103 (1935).

Conceivably, one who held only possessory rights in personal property wrongfully attached could, in a proper case, recover damages. But Solomon, who did not own the Corvette automobile at the time of attachment, proved no damages flowing from the loss of his possessory rights. It follows that the trial judge erred in awarding him judgment for the reasonable value of the automobile as damages for wrongful attachment. Consequently, we need not consider Federal Finance's other assignments of error.

Affirmed as to the granting of judgment to Solomon in the sum of $291.44. Reversed as to the granting of judgment to Solomon in the sum of $2,200. Remanded for entry of appropriate judgment.

FARRIS, A.C.J., and SWANSON, J., concur.