[No. 3902–II.   Division Two.   July 10, 1980.]

INDUSTRIAL HYDRAULICS, *Appellant,* v. THE CITY OF ABERDEEN, ET AL, *Respondents.*

be affirmed on any theory on appeal, but it may not be reversed on a theory not first presented to it.

*John L. Farra,* for appellant.

*David Foscue, City Attorney,* for respondents.

PEARSON, A.C.J.—Plaintiff Industrial Hydraulics appeals from a judgment in favor of the City of Aberdeen following plaintiff's suit against the City for negligence in issuing a building permit. We affirm.

On October 19, 1977, the partnership of Industrial Hydraulics purchased a lot on Market Street in Aberdeen where they planned to erect a hydraulic repair shop. Plaintiff contracted to purchase a prefabricated building on October 24, 1977. On December 1, 1977, plaintiff submitted the building and site plans to the City of Aberdeen, as well as a building fee of about $70. The City issued a building permit on December 9. On January 6, 1978, the City issued a stop work order, and notified plaintiff that the permit was invalid because the building was of a type not permitted in that particular fire zone. This was not detected during the plan review process because the building had been misclassified. Plaintiff stopped construction.

Plaintiff petitioned the Aberdeen City Council to change the boundaries of the fire zones in the area of the partially constructed building. On April 12, 1978, the City redefined the boundaries of those fire zones to bring plaintiff within the appropriate zone. Plaintiff then renewed its building permit and continued construction of the building. Industrial Hydraulics moved into the building in the first part of July 1978. It instituted the present action against the City for damages arising from the revocation of the permit.

■ Plaintiff makes five "assignments of error" to the trial court's conclusions of law, but fails to argue or cite any authority pursuant thereto. An assignment of error not supported by authority is deemed abandoned. *Lassila v. Wenatchee,* 89 Wn.2d 804, 576 P.2d 54 (1978). Plaintiff's appeal properly raises only one issue: Did the City breach a duty of care to plaintiff by granting it a building permit in violation of the zoning regulations and then ordering it to stop work?

■ Whether a local government stands in such a relation to a permit applicant that the law will impose upon it an obligation of reasonable conduct for the benefit of the applicant is a question of law and policy. *King v. Seattle,* 84 Wn.2d 239, 525 P.2d 228 (1974). *See also Haslund v. Seattle,* 86 Wn.2d 607, 547 P.2d 1221 (1976). The general rule has been that a permit issued under mistake of fact or in violation of law gives the permittee no vested rights and is revocable. *Eastlake Community Council v. Roanoke Assocs., Inc.,* 82 Wn.2d 475, 513 P.2d 36, 76 A.L.R.3d 360 (1973); *Nolan v. Blackwell,* 123 Wash. 504, 212 P. 1048 (1923). Expenditures by the holder of an illegally issued permit in reliance on such permit do not preclude a municipality from enforcing its ordinances. *Nolan v. Blackwell, supra;* 6 A.L.R.2d 967 (1949). Washington courts have followed this rule without notable exception until *Rogers v. Toppenish,* 23 Wn. App. 554, 596 P.2d 1096 (1979), in which Division Three of this court held that a city building inspector

> had a duty as the administrator of the zoning ordinances to inform accurately an individual member of the public of the zoning classification concerning specific real property once the inquiry and its purpose were made known to him.

23 Wn. App. at 558. *Rogers* did not address the question whether negligent issuance of a building permit is actionable, but only the narrow question whether a municipality is liable for harm resulting from failure to correctly answer an inquiry from a member of a class intended to benefit

from the dissemination of specific information. By contrast, the partnership in the present case submitted an application containing certain construction plans which failed to conform to the City's zoning regulations. The partnership made no specific inquiry concerning the nonconforming plans, and the building inspector simply missed the nonconformity in issuing a permit to the partnership. Under *Eastlake* "no rights may vest where either the application submitted or the permit issued fails to conform to the zoning or building regulations." 82 Wn.2d at 481.

In addition, it appears that the harm claimed by plaintiff did not result from the City's initial failure to identify the nonconformity. The trial court found:

> On October 24, 1977, Plaintiffs purchased a building from Western Farmers Association to be constructed at 522 East Market Street for Plaintiff's business.

■ Plaintiff has not challenged this finding of fact on appeal; hence we accept it as an established fact. *Federal Fin. Co. v. Solomon,* 7 Wn. App. 626, 501 P.2d 627 (1972). Plaintiff purchased the new building more than a month *before* it applied for a building permit on December 1, 1977. This fact vitiates its claim for damages because if the permit had been denied the first time, as it should have been, plaintiff would have been faced with inadequate quarters, a commitment to purchase a nonconforming building, the same or similar costs of delay, and one extra move. Plaintiff has not shown that the City's error in issuing the permit resulted in damages plaintiff would have avoided if the permit had been denied initially.

We affirm.

PETRIE and PETRICH, JJ., concur.

Reconsideration denied July 24, 1980.

Review denied by Supreme Court October 10, 1980.