**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HIMC CORPORATION, a Washington corporation, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> PREM RAMCHANDANI; SHAI BAR LAVI; ANNA SACHS BAR-LAVI; AVI SIVAN; and AVRAHAM OVAIDIA, <br><br> Defendants - Appellants. | No. 09-35605 <br><br> D.C. No. 3:07-CV-05342-FDB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Franklin D. Burgess, Senior District Judge, Presiding

Submitted June 11, 2010[**]
Seattle, Washington

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: CALLAHAN and IKUTA, Circuit Judges, and BENITEZ, District Judge.[***]

Because summary judgment as to the existence of a contract is proper under Washington law only where reasonable minds could not disagree that the parties intended a binding agreement, *see Scott Galvanizing, Inc. v. Nw. EnviroServices, Inc.*, 844 P.2d 428, 433 (Wash. 1993) (en banc); *Swanson v. Liquid Air Corp.*, 826 P.2d 664, 670–71 (Wash. 1992) (en banc), the district court erred by granting summary judgment based on its *sua sponte* finding that no enforceable agreement existed between HIMC Corp. ("HIMC") and either Veripay, Inc. ("Veripay") or Pasa, Inc. ("Pasa"). Assuming without deciding that the appellants here stand in the shoes of either Veripay or Pasa for purposes of enforcing the alleged agreements, there are genuine issues of material fact as to whether the parties intended the Letter of Intent or Memorandum of Understanding (or both) to constitute binding agreements. Additionally, there are genuine issues of material fact as to whether the HIMC Board of Directors' resolution setting a higher price for the shares was binding on the parties. Contrary to the district court's finding, a document labeled as a "letter of intent" may constitute an enforceable contract under Washington law, *see Loewi v. Long*, 136 P. 673, 674 (Wash. 1913), and a

---

[***] The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

stock agreement may be enforceable even if it lacks a price term, *see Zalud v. Boltz*, No. 45377-7-I, 2000 WL 1346678, at \*2–3 (Wash. Ct. App. Sept. 18, 2000).

Moreover, there are genuine issues of material fact as to whether the appellants are entitled to the release of restrictive conditions on HIMC securities issued to appellants. Although Rule 144 of the Securities Act, 17 C.F.R. § 230.144(d)(1)(iii), allows holders to sell restricted stocks that are fully paid for and held for the required period, testimony before the district court was in sharp conflict regarding whether the stock at issue here had been fully paid for. Thus, summary judgment on these claims was inappropriate. Appellants' contentions regarding possible ratification and waiver likewise present issues of fact inappropriate for summary judgment. *See Poweroil Mfg. Co. v. Carstensen*, 419 P.2d 793, 796 (Wash. 1966); *Hoke v. Stevens-Norton, Inc.*, 375 P.2d 743, 745 (Wash. 1962).

**REVERSED and REMANDED.**